# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Otto Young,              :
          Petitioner     :
                      :
        v.               :  No. 361 C.D. 2016
                      :  Argued:  April 11, 2018
Pennsylvania Board of    :
Probation and Parole,     :
          Respondent   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE ROBERT SIMPSON, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION
BY PRESIDENT JUDGE LEAVITT              FILED: June 12, 2018

Otto Young petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Parole Board) denying his request for administrative relief from one of the terms of his recommitment as a convicted parole violator. Young contends that the Parole Board erred by revoking sentence credit it had previously awarded him in a prior recommitment. Concluding that the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §§101-6309, did not confer upon the Parole Board the discretion to revoke its award of sentence credit, we reverse the Parole Board's adjudication.

The relevant facts are not in dispute. In 2013, the Parole Board recommitted Young as a convicted parole violator as a result of his conviction for retail theft. At the recommitment, the Parole Board reviewed Young's case and decided to grant him credit toward his sentence for 1918 days, *i.e.*, the days he had

spent at liberty on parole before the retail theft.[1]  Thereafter, in February 2014, Young was reparoled.  In July 2014, Young was detained on the Parole Board's warrant following his arrest for burglary, and he was later convicted on the new criminal charge.  In November 2015, the Parole Board recommitted him as a convicted parole violator for the 2014 burglary offense and revoked the sentence credit of 1918 days it had previously awarded him in 2013.  This resulted in a new maximum sentence date of May 31, 2023.

Young sought administrative relief, contending that the Parole Board had unlawfully revoked the credit that it had previously decided to award to him. On February 24, 2016, the Parole Board denied his request for administrative relief, explaining:

> The Board paroled you from a state correctional institution on February 9, 2014 with a max sentence date of May 26, 2017. This means you had a total of 1202 days remaining on your sentence at the time of parole.  In light of your recommitment as a convicted parole violator, the Board was authorized to recalculate your sentence to reflect that you received no credit for the period that you were at liberty on parole.  61 Pa. C.S. § 6138(a)(2).  The Board did not give you credit in this case.  This includes any prior time that you were on parole.  *Houser v. Pennsylvania Board of Probation and Parole*, 682 A.2d 1356 (Pa. Commw. Ct. 1996).  In this case, you were previously on parole from November 19, 2007 to February 18, 2013 which amounts to 1918 days.  Adding the 1918 days of prior parole liberty forfeited, to the 2733[2] days you had remaining left 3120 days remaining on your sentence.

Certified Record at 187 (C.R. ___).  Young petitioned for this Court's review.

---

[1] This covered the period from November 19, 2007, through February 18, 2013.

[2] The number "2733" is erroneous.  The actual number of days left on his sentence was 1202 days. The error has no bearing in this appeal.

2

On appeal,[3] Young challenges the Parole Board's calculation of his sentence as contrary to the plain language of the Parole Code, which does not expressly authorize the Parole Board to revoke sentence credit it has decided to award to a parolee. In response, the Parole Board argues that its decision was consistent with the overall purpose of the Parole Code.

This case of first impression raises an issue of statutory construction.[4] Specifically, we consider Section 6138(a) of the Parole Code, which states, in relevant part, as follows:

> (a) Convicted violators.--
>
> ***
>
> > (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, *except as provided under paragraph (2.1),* shall be given no credit for the time at liberty on parole.
> >
> > (2.1) *The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply*:

---

[3] This Court's review determines whether the Parole Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole,* 660 A.2d 131, 132 (Pa. Cmwlth. 1995). The facts are not in dispute. This appeal involves a pure legal question over which our scope of review is plenary and our standard of review is *de novo. Soppick v. Borough of West Conshohocken*, 6 A.3d 22, 24 n.5 (Pa. Cmwlth. 2010).

[4] Our analysis is guided by the principles set forth in the Statutory Construction Act of 1972, 1 Pa. C.S. §§1501-1991, which provides that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa. C.S. §1921(a). The plain language is the best guide and cannot be disregarded in order to pursue the statute's spirit. 1 Pa. C.S. §1921(b).

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §§6138(a) (emphasis added).[5] Our Supreme Court has held that where the Parole Board exercises its discretion under Section 6138(a)(2.1) to deny credit for time spent at liberty on parole, it must explain its reasons therefor. *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 473-75 (Pa. 2017). Thus, where a parolee is recommitted as a convicted parole violator, the Parole Board must take action under Section 6138(a)(2.1) and either grant or deny sentence credit.[6]

To summarize, if the Parole Board chooses not to award credit pursuant to Section 6138(a)(2.1), the parolee serves the remainder of his sentence as if he had not been granted parole. 61 Pa. C.S. §6138(a)(2). However, if the Parole Board does award credit, the parolee no longer has "time spent at liberty on parole," *i.e.*, "street time." *Id.* This is so because Section 6138(a)(2.1) requires the Parole Board to choose a course of action with regard to a convicted parole violator's street time at the time of recommitment. If the Parole Board chooses to "award credit" for the parolee's street time towards his sentence, the street time is gone. The award of

---

[5] Section 6138(a)(2.1) became effective on September 4, 2012, and applies to any convicted parole violator recommitment decisions on or after that date.

[6] This assumes the conviction is not for a type of crime that renders the parolee ineligible for credit under subsections (i) and (ii) of Section 6138(a)(2.1).

sentence credit is an affirmative act and not a decision to defer the forfeiture of street time to a later time.

The Parole Board argues that it has "authority to withdraw sentence credit it provided in a prior recommitment." Parole Board Brief at 8. In support, it directs the Court to precedent that, it argues, gives an expansive reading to the term "the parole" in Section 6138(a)(2). Parole Board Brief at 10.

In *Morris v. Pennsylvania Board of Probation and Parole*, 465 A.2d 97 (Pa. Cmwlth. 1983), for example, the Parole Board decided to allow the parolee to remain on parole notwithstanding his criminal conviction. When he was later convicted of new criminal charges, the Parole Board revoked his parole and recommitted him as a technical and convicted parole violator. In calculating his new maximum sentence date, the Parole Board assumed that the parolee had forfeited all his street time. The parolee argued that he should have been credited with the street time that had accrued prior to his first conviction because the Parole Board's decision to continue his parole sealed "off from forfeiture the street time which preceded it." *Morris*, 465 A.2d at 97. This Court rejected this contention.

*Anderson v. Pennsylvania Board of Probation and Parole*, 472 A.2d 1168 (Pa. Cmwlth. 1984), raised the question of whether street time, which was not forfeited because the parole violator was recommitted as a technical parole violator, could be forfeited upon the parolee's later conviction. As in *Morris*, the parolee argued that the law commonly referred to as the Parole Act[7] required him to forfeit only that street time accumulated after his most recent release on parole. He argued that the phrase "period of parole" referred only to the most recent or "current" period

---

[7] Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §§331.1-331.34a. The Parole Act was repealed by the Act of August 11, 2009, P.L. 147, when the statute was codified into the Parole Code.

of parole.  This Court rejected this argument.  *See also Caldwell v. Pennsylvania Board of Probation and Parole*, 511 A.2d 884, 885 (Pa. Cmwlth. 1986) (affirming that "period of parole" as used in former Section 21.1(a) of the Parole Act refers to all parole time); *Andrews v. Pennsylvania Board of Probation and Parole*, 516 A.2d 838 (Pa. Cmwlth. 1986) (Parole Board's decision not to act upon a parolee's conviction did not waive the forfeiture of all street time in a subsequent recommitment).

The Parole Board's reliance on these cases is misplaced because these cases were decided under former Section 21.1(a) of the Parole Act, 61 P.S. §331.21a(a) (repealed).[8]  Under the former law, the Parole Board had no discretion with respect to the calculation of the sentence remaining for a recommitted parolee, whether a convicted or technical parole violator.  By operation of law, upon

---

[8] *Former* Section 21.1(a) of the Parole Act stated:

> (a) Convicted Violators.  Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator. *If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole.* The board may, in its discretion, reparole whenever, in its opinion, the best interests of the prisoner justify or require his release on parole and it does not appear that the interests of the Commonwealth will be injured thereby. *The period of time for which the parole violator is required to serve shall be computed from and begin on the date that he is taken into custody to be returned to the institution as a parole violator.*

Added by the Act of August 24, 1951, P.L. 1401, *as amended*, formerly 61 P.S. §331.21a(a) (emphasis added).  Section 6138(a) of the Parole Code is virtually the same as Section 21.1(a) of the Parole Act, but with the addition of numbered subparagraphs.

6

recommitment, a convicted parole violator forfeited all street time.[9] *See Richards v. Pennsylvania Board of Probation and Parole*, 20 A.3d 596, 599 (Pa. Cmwlth. 2011); *Melendez v. Pennsylvania Board of Probation and Parole*, 944 A.2d 824, 825 (Pa. Cmwlth. 2008). By contrast, a technical parole violator did not forfeit any street time upon his recommitment.

Under the current statutory regime, the Parole Board must now decide whether to award or deny credit for street time upon a parolee's recommitment as a convicted parole violator. *See* 61 Pa. C.S. §6138(a)(2.1).[10] Once the Parole Board grants sentence credit for street time, it is gone. The only extant "time spent at liberty on parole" will be that time that falls between the parolee's most recent reparole and his recommitment. *Id.*

It has long been established that a criminal defendant who is acquitted or receives a sentence shorter than the period of his pre-sentence incarceration cannot place that excess incarceration into a "penal checking account" to be drawn

---

[9] "The Parole Code codified the parole provisions of the Act of August 6, 1941, P.L. 861 (former Parole Act). Section 6138(a)(1) of the Parole Code retains the identical language of repealed Section 21.1a of the former Parole Act, *added by* the Act of August 24, 1951, P.L. 1401, 61 P.S. § 331.21a." *Price v. Pennsylvania Board of Probation and Parole*, 117 A.3d 362, 365 n.5 (Pa. Cmwlth. 2015).

[10] The dissent is correct that language changes made when the legislature codified Section 21.1(a) of the Parole Act into Section 6138(a)(2) in 2009 were not intended to affect prior judicial construction of that section. That is the general rule for any codification of statutes. The 2009 codification of the Parole Act, however, is irrelevant to this case because, as the dissent points out, forfeiture of all street time was still mandatory for convicted parole violators in 2009. That changed in 2012 when the legislature amended the now-codified Parole Code to require the Parole Board to decide whether to award or deny credit for street time when a parolee is recommitted upon conviction for a crime that does not involve violence or require registration as a sex offender. Precedent interpreting Section 6138(a)(2) prior to the 2012 amendment is not binding and has little value to the proper construction of Section 6138(a)(2.1). The legislature has given the Parole Board the discretion to award sentence credit to a convicted parolee it decides to recommit. It has not given the Parole Board the concommitant power to revoke this decision, under any circumstances.

7

upon in the event of a future criminal act. *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 308 (Pa. 2003) (Constitution neither permits nor requires penal checking accounts); *Jones v. Pennsylvania Board of Probation and Parole*, 831 A.2d 162, 168 (Pa. Cmwlth. 2003) (Parole Code does not allow a parolee to establish a penal checking account). Thus, a parolee detained only on new criminal charges cannot apply his excess pre-sentence incarceration to his original sentence.[11] Effectively, the Parole Board seeks to do the obverse by placing the sentence credit it awards to a parolee into an escrow account for later forfeiture. The Parole Code does not authorize the Board to establish a "sentence escrow account" any more than it authorizes criminal defendants to establish a "penal checking account."

In matters of statutory construction, our Supreme Court has directed as follows:

> [Courts must] accept that when the General Assembly selects words to use in a statute, it has chosen them purposefully. 1 Pa. C.S. §1921(b). We cannot change those words to reflect our own public policy concerns, *nor can we edit them based on the supposition that we know what the General Assembly meant to say* when it said something different.

*Commonwealth v. Scolieri*, 813 A.2d 672, 673 (Pa. 2002) (emphasis added). Our Supreme Court has likewise cautioned that "although one is admonished to listen attentively to what a statute says[,] one must also listen attentively to what it does not say." *Commonwealth v. Giulian*, 141 A.3d 1262, 1268 (Pa. 2016) (quoting *Commonwealth v. Johnson*, 26 A.3d 1078, 1090 (Pa. 2011)). Simply, the Parole

---

[11] However, where a parolee is incarcerated on both the Board's detainer and on new charges, the incarceration time in excess of the sentence on the new conviction will be applied to the parolee's original sentence. *Martin*, 840 A.2d at 308. The Supreme Court went out of its way to explain that its ruling in *Martin* did "not create a 'penal checking account.'" *Id.* at 309.

8

Board asks this Court to add words to Section 6138(a)(2.1) that the legislature chose to omit, *i.e.*, authorization to revoke sentence credit after it has been granted and applied to the parolee's sentence.

The Parole Board acknowledges that Section 6138(a)(2.1) does not authorize its revocation of sentence credit but rejoins that Section 6138(a)(2.1) does not forbid this action. This is not persuasive. The Parole Board is not a free agent; rather, it operates within the confines of its statutory authorization and mandate. In *Aetna Casualty and Surety Company v. Commonwealth of Pennsylvania, Insurance Department*, 638 A.2d 194, 200 (Pa. 1994), our Supreme Court reiterated that an administrative agency, a creature of statute, can exercise only those powers "conferred upon it by the [General Assembly] in clear and unmistakable language." (internal quotation omitted). The General Assembly has not granted the Parole Board the power to revoke sentence credit it has decided to award.

When Young was recommitted in 2015 as a convicted parole violator, the Parole Board lacked the statutory authority to revoke the 1918 days of credit it had awarded him in 2013. Those 1918 days had already been applied to his original sentence. Just as the Parole Board lacks the power to revoke days served on a sentence in prison, it lacks the power to revoke days served on a sentence by reason of the Parole Board's express award of credit in the course of a prior recommitment.

For these reasons, we reverse the Parole Board's adjudication denying Young's request for administrative relief and remand the matter for the Parole Board's recalculation of Young's maximum sentence date consistent with this opinion.

_____
MARY HANNAH LEAVITT, President Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Otto Young,                         :
               Petitioner        :
                                 :
              v.              :  No. 361 C.D. 2016
                                 :
Pennsylvania Board of               :
Probation and Parole,               :
               Respondent       :

# **O R D E R**

AND NOW, this 12th day of June, 2018, the order of the Pennsylvania Board of Probation and Parole (the Parole Board) dated February 24, 2016, is hereby REVERSED, and this matter is REMANDED to the Parole Board for recalculation of Otto Young's maximum release date in accordance with the attached Opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Otto Young                           :
                    Petitioner       :
                                     :
          v.                         : No. 361 C.D. 2016
                                     : Argued:  April 11, 2018
Pennsylvania Board of Probation and  :
Parole,                              :
                    Respondent       :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge

**DISSENTING OPINION**
**BY JUDGE SIMPSON**                 **FILED: June 12, 2018**


Because the majority fails to follow the General Assembly's express pronouncement of its intent, I must respectfully dissent from the majority's conclusion that the serial parole violator here does not forfeit all his "street time"— *i.e.*, time spent at liberty on parole.  Rather, consistent with the General Assembly's direction that it did not intend to change or affect prior judicial construction when it changed the language of the controlling statute, I would hold that Otto Young (Young) forfeited <u>all</u> prior "street time" due to the decision by the Pennsylvania Board of Probation and Parole (Board) to again recommit Young as a convicted parole violator, this most recent time on account of his 2014 criminal conviction for burglary.

Young's multiple failures on supervision extend well beyond the brief description in the majority opinion. Young's original 6-year, 10-month to 25-year sentence was for burglary, violation of probation, terroristic threats and criminal conspiracy. After parole in 2000, he was recommitted by the Board on his original sentence as a technical parole violator in 2001. After re-parole in 2004, he was arrested in 2005. He was thereafter convicted of a new crime, and he was recommitted by the Board as a convicted parole violator in 2006. Young was re-re-paroled in 2009, but he was again arrested and convicted in 2013. The Board recommitted him on his original sentence as a convicted parole violator a second time, but it granted him credit for his "street time." It is credit for this time, 1,918 days, which is at issue here.

Young was re-re-re-paroled in 2014. However, later that year he was arrested and ultimately convicted of burglary of an occupied residence at night. The Board recommitted him on his original sentence as a convicted parole violator for a third time. This time, the Board noted Young's extensive history of burglaries, and it denied him credit for all "street time," including 1,918 days previously credited in 2013. This decision by the Board is the basis of the current appeal.

When Young's saga began, the law was clear. Under various decisions of this Court, the Board had the authority upon recommitment to withdraw sentence credit it previously provided. See, e.g., Armbruster v. Pa. Bd. of Prob. & Parole, 919 A.2d 348 (Pa. Cmwlth. 2007); Houser v. Pa. Bd. of Prob. & Parole, 682 A.2d 1365 (Pa. Cmwlth. 1996), appeal denied, 692 A.2d 568 (Pa. 1997).

These cases arose under Section 21.1(a) of the former act commonly referred to as the Parole Act.[1] With respect to convicted parole violators, Section 21.1(a) of the Parole Act provided in relevant part:

> (a) Convicted Violators. Any parolee under the jurisdiction of the [Board] released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendre at any time thereafter in a court of record, may, at the discretion of the [B]oard, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole ….

(Emphasis added.) Since 1984, starting with Anderson v. Pennsylvania Board of Probation and Parole, 472 A.2d 1168 (Pa. Cmwlth. 1984), this Court consistently interpreted the above provision as mandating forfeiture of all time at liberty on parole credited to a sentence, even if credited upon a prior recommitment. In other words, pursuant to our interpretation, Section 21.1(a) mandated revocation of all time at liberty on parole, and the Board lacked the power to exercise discretion with regard to the forfeiture of credit.

In Act 33 of 2009, where the General Assembly repealed the Parole Act and consolidated its provisions as Sections 6101 through 6309 of the Prisons and Parole Code, 61 Pa. C.S. §§6101-6309, the General Assembly modified the above

_____

[1] Act of August 6, 1941, P.L. 861, added by the Act of August 24, 1951, P.L. 1401, as amended, 61 P.S. §331.21a(a), repealed by Section 11 of the Act of August 11, 2009, P.L. 147 (Act 33 of 2009).

language.  Section 6138(a)(2) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a)(2), which replaced Section 21.1(a) of the Parole Act, as originally enacted in Act 33 of 2009, addressed the issue of "street time" for a convicted parole violator who is recommitted as follows:

> If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and shall be given no credit for the time at liberty on parole.

(Emphasis added.)  With respect to "street time," the General Assembly, in its original enactment of Section 6138(a)(2), changed the relevant statutory language from "had he not been paroled" (former) to "had the parole not been granted" (Act 33 of 2009).  Ordinarily, such a change in language would prompt this Court to consider whether the General Assembly's use of different language should trigger an alternative construction.  In Act 33 of 2009, however, the General Assembly expressly addressed the language change:

> Any difference in language between 61 Pa. C.S. Pts. I, II, III, IV, and V and the [repealed] acts … is intended only to conform to the style of the Pennsylvania Consolidated Statutes and is not intended to change or affect the legislative intent, judicial construction or administrative interpretation and implementation of those acts ….

Section 10(2) of Act 33 of 2009 (emphasis added).[2]  Accordingly, the General Assembly's express intent in passing Act 33 of 2009 was that this Court's prior construction of Section 21.1(a) of the Parole Act should prevail when interpreting

---

[2] Section 10(2) of Act 33 of 2009 goes on to provide exceptions to this general rule not applicable here.

Section 6138(a)(2) of the Prisons and Parole Code, regardless of differences in language, thereby mandating forfeiture of all time at liberty on parole credited to a sentence, even if credited upon a prior recommitment.

The majority's failure to follow the General Assembly's explicit direction in this regard is the basis for my dissent. As explained below, because Section 6138(a)(2) of the Prisons and Parole Code is the only statutory provision addressing credit for "street time" which applies in this case, our prior case law should be followed.

In 2012, the General Assembly amended Section 6138(a) of the Prisons and Parole Code in two material respects.[3] First, it added Section 6138(a)(2.1) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a)(2.1), which, under certain circumstances, affords the Board discretion to award credit to a parolee recommitted as a convicted parole violator for "the time spent at liberty on parole."[4] Second, it amended Section 6138(a)(2) of the Prisons and Parole Code to reflect the addition

---

[3] See Section 15 of the Act of July 5, 2012, P.L. 1050 (Act 122 of 2012).

[4] Section 6138(a)(2.1) of the Prisons and Parole Code provides:

> The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
>> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence … or a crime requiring [sexual offender] registration ….
>>
>> (ii) The parolee was recommended under section 6143 [of the Prisons and Parole Code] (relating to early parole of inmates subject to Federal removal order).

RES-5

of this newly-granted authority to the Board. The amended Section 6138(a)(2), applicable here, provides:

> If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, <u>except as provided under paragraph (2.1)</u>, shall be given no credit for the time at liberty on parole.

61 Pa. C.S. §6138(a)(2) (emphasis added). The added language (underlined) is an obvious reference to the Board's new discretionary authority to award credit to convicted parole violators.

In light of the foregoing, I would apply our prior precedent interpreting Section 6138(a)(2) of the Prisons and Parole Code, while giving effect to the new discretionary authority of the Board set forth in Section 6138(a)(2.1) of the Prisons and Parole Code. Consistent with the Court's historical interpretation of Section 6138(a)(2) of the Prisons and Parole Code (and its predecessor Section 21.1(a) of the Parole Act), I would hold that when the Board recommitted Young as a convicted parole violator for the third time, Section 6138(a)(2) of the Prisons and Parole Code <u>mandated forfeiture</u> of <u>all</u> prior street time credited to his original sentence, including the 1,918 days that the Board previously credited to his sentence as a matter of discretion under Section 6138(a)(2.1) of the Prisons and Parole Code. If Young's most recent recommitment had been for a technical violation, there would have been no forfeiture of prior credit. <u>See</u> 61 Pa. C.S. §6138(c)(2). Moreover, if Young's most recent recommitment had been for a nonviolent criminal offense, then the Board would have had discretion under Section 6138(a)(2.1) of the Prisons and

Parole Code to award Young credit for the time forfeited under Section 6138(a)(2). Since neither applies in this case, the mandate of Section 6138(a)(2) prevails.

On this basis, I would affirm the Board's denial of Young's request for credit.

_____
ROBERT SIMPSON, Judge

Judge Covey joins in this dissent.