IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Simon Gigee,
              Petitioner

v.

Pennsylvania Board of
Probation and Parole,
              Respondent

:
:
:
:
: No. 742 C.D. 2018
: Submitted: January 11, 2019
:
:
:

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT            FILED: March 22, 2019

Simon Gigee (Gigee) petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Parole Board) denying his request for administrative relief from its decision to recommit him as a convicted parole violator. On appeal, Gigee argues that the Parole Board erred in calculating his maximum sentence date by revoking 790 days of sentence credit that it had awarded him in the course of a prior recommitment. For the reasons that follow, we reverse the Parole Board's adjudication.

The relevant facts are not in dispute. Gigee was serving a sentence of incarceration for a 2012 theft conviction (original sentence). His maximum date of sentence was July 15, 2019. In October 2013, the Parole Board paroled Gigee.

While on parole, in December 2015, Gigee was arrested on new criminal charges for operating a vehicle not equipped with ignition interlock and tampering with an ignition interlock system. In January 2016, he pled guilty to

operating a vehicle without the required ignition interlock device and was sentenced to 42 to 90 days of incarceration in the county prison. Certified Record at 46-47 (C.R. __).

On March 3, 2016, the Parole Board recommitted Gigee to a state correctional institution as a convicted parole violator. The Parole Board awarded Gigee credit for the 790 days he spent at liberty on parole, otherwise known as "street time."[1] Gigee's parole violation maximum sentence date was August 25, 2019.

Thereafter, on August 11, 2016, Gigee was reparoled. On December 30, 2016, Gigee was arrested on new theft charges. On that same day, the Parole Board lodged a detainer against Gigee for violations of his parole. Gigee was unable to post bail and remained incarcerated on the new criminal charges. Thereafter, on July 5, 2017, Gigee was released on nominal bail to the Parole Board's detainer. On July 17, 2017, Gigee pled guilty to criminal trespass and theft of movable property, and on November 3, 2017, he was sentenced to 27 to 72 months of incarceration (new sentence).

By decision of January 4, 2018, the Parole Board recommitted Gigee as a convicted parole violator to serve 15 months' backtime. The Parole Board decided not to award Gigee credit for the time he had spent at liberty on parole, and it revoked the 790 days of sentence credit it had previously awarded him in the course of his 2016 recommitment. It calculated Gigee's new maximum sentence date to be December 19, 2022.

Gigee filed a request for administrative relief challenging the Parole Board's calculation of his maximum sentence date. First, Gigee contended that the Parole Board did not give him credit towards his original sentence for the time he

---

[1] This covered the period from October 3, 2013, through December 2, 2015. C.R. 67.

2

remained incarcerated on the Board's detainer following his release on nominal bail. Second, Gigee contended that the Parole Board erred in revoking the 790 days of sentence credit it awarded him in the course of his prior recommitment.

By decision mailed May 23, 2018, the Parole Board acknowledged a clerical error in the computation of his maximum sentence date, explaining it had erroneously added 132 days to his original sentence.[2] The Parole Board corrected the calculation and mailed out a new decision setting his maximum date of sentence as August 9, 2022. Gigee then petitioned for this Court's review.

On appeal,[3] Gigee challenges the Parole Board's calculation of his sentence. Gigee contends that the Parole Board lacked authority to revoke the 790 days of sentence credit it had previously awarded him. In support of his contention, Gigee directs this Court to our decision in *Young v. Pennsylvania Board of Probation and Parole*, 189 A.3d 16 (Pa. Cmwlth. 2018) (*en banc*), *petition for allowance of appeal granted*, __ A.3d __, (Pa., No. 455 MAL 2018, filed January 2, 2019). The Parole Board responds that this Court erred in deciding *Young* because this decision puts a parolee with one or more prior recommitments as a convicted parole violator in a better position than a parolee who complies with his parole conditions and remains in good standing. Parole Board Brief at 9.

---

[2] Initially, when calculating Gigee's new maximum sentence date, the Parole Board failed to give him credit for the time he was incarcerated solely on its detainer from July 5, 2017, to November 3, 2017, or 121 days. C.R. 186. In addition, the Board failed to give him credit for confinement time between October 18, 2015, and October 29, 2015, or 11 days. *Id.*

[3] This Court's review is limited to determining whether the Parole Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole,* 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

We begin with a review of the applicable law. Under the Prisons and Parole Code (Parole Code),[4] when a parolee is recommitted as a convicted parole violator, he is reentered to serve the remainder of the term which he would have been compelled to serve had the parole not been granted. *See* 61 Pa. C.S. §6138(a)(2). Regarding the parolee's street time, Section 6138(a) of the Parole Code, states, in relevant part:

> (a) Convicted violators.--
>
> ***
>
> > (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, *except as provided under paragraph (2.1),* shall be given no credit for the time at liberty on parole.
> >
> > (2.1) *The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply*:
> >
> > > (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
> > >
> > > (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

---

[4] 61 Pa. C.S. §§101-6309.

61 Pa. C.S. §6138(a)(2), (2.1) (emphasis added).[5]  In other words, the Parole Board must take action under Section 6138(a)(2.1) and either grant or deny sentence credit for a parolee's street time.[6]

Here, Gigee raises the legal question that this Court decided in *Young*. In *Young*, the Parole Board recommitted Young as a convicted parole violator for his retail theft conviction.  At the recommitment, the Parole Board awarded him credit towards his original sentence for the 1918 days he had spent at liberty on parole before the retail theft.  Subsequently, he was reparoled.  While on the second parole, Young was arrested and convicted of burglary.  The Parole Board recommitted Young as a convicted parole violator.  In calculating his new maximum date of sentence, the Parole Board revoked the 1918 days of credit that it had awarded him in the course of his prior recommitment.  Young sought administrative relief, arguing that the Parole Board unlawfully revoked his prior sentence credit. The Parole Board denied his request for administrative relief.

On appeal, Young contended that the calculation of his maximum date of sentence was contrary to the language of the Parole Code.  This Court agreed.  We explained that, under Section 6138(a)(2.1) of the Parole Code, the Parole Board had to decide whether to award or deny credit for street time upon a parolee's recommitment as a convicted parole violator.  61 Pa. C.S. §6138(a)(2.1).  If the Board awarded credit, then the parolee no longer had "time spent at liberty on parole[.]" *Young*, 189 A.3d at 19 (citing 61 Pa. C.S. §6138(a)(2)).  In other words, "the street time [was] gone[,]" and the Parole Code did not authorize the Parole

---

[5] Section 6138(a)(2.1) of the Parole Code became effective on September 4, 2012, and applies to any convicted parole violator recommitment decisions on or after that date.

[6] This assumes the conviction is not for a type of crime that renders the parolee ineligible for credit under subsections (i) and (ii) of Section 6138(a)(2.1).

Board to place that credit into an escrow account for later forfeiture. *Young*, 189 A.3d at 19, 21. For this reason, "[t]he only extant 'time spent at liberty on parole' will be that time that falls between the parolee's most recent reparole and his recommitment." *Id.* at 21. Further, the Parole Board can exercise only those powers "conferred upon it by the [General Assembly] in clear and unmistakable language." *Id*. at 22 (quoting *Aetna Casualty and Surety Company v. Commonwealth of Pennsylvania, Insurance Department*, 638 A.2d 194, 200 (Pa. 1994)). The General Assembly did not grant the Parole Board the power to revoke its award of sentence credit. *Young*, 189 A.3d at 21.

Our *en banc* decision in *Young* is controlling here. In 2016, at the time of Gigee's prior recommitment as a convicted parole violator, the Parole Board exercised its discretion to award him credit towards his original sentence for the 790 days he had spent at liberty on parole. Once the Board did so, Gigee's street time was gone. Thus, in 2018, when the Parole Board recommitted Gigee as a convicted parole violator for his new conviction, the only available time at liberty on parole was that time from Gigee's most recent parole (August 11, 2016) to his arrest on new criminal charges (December 30, 2016). The Parole Board did not have the statutory authority to revoke the 790 days of sentence credit it had previously awarded Gigee toward his original sentence.[7] We hold that the Parole Board erred in calculating Gigee's maximum date of sentence by not counting the 790 days of sentence credit it had previously credited towards his sentence.

---

[7] The Parole Board states that crediting the 790 days towards Gigee's original sentence results in a new maximum date of sentence of June 10, 2020. Parole Board Brief at 9.

6

For these reasons, we reverse the Parole Board's adjudication and remand the matter for the Parole Board's recalculation of Gigee's maximum sentence date consistent with this opinion.

_____

MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Simon Gigee,                          :
          Petitioner          :
                              :
          v.                 :  No. 742 C.D. 2018
                              :
Pennsylvania Board of                 :
Probation and Parole,                 :
          Respondent          :

# **O R D E R**

AND NOW, this 22nd day of March, 2019, the adjudication of the Pennsylvania Board of Probation and Parole (Parole Board), dated May 23, 2018, is REVERSED, and this matter is REMANDED to the Parole Board for recalculation of Simon Gigee's maximum sentence date in accordance with the attached opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge