IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Pittman,               :
            Petitioner        :
                                    :
       v.                       :   No. 1075 C.D. 2020
                                    :   SUBMITTED: April 30, 2021
Pennsylvania Parole Board,     :
            Respondent      :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                              FILED: August 19, 2021

Petitioner Steven Pittman petitions for review of Respondent Pennsylvania Parole Board's September 23, 2020 order. Through that order, the Board affirmed in part and reversed in part its April 15, 2019 decision to recommit Pittman as a convicted parole violator (CPV) and to award him no credit for time served at liberty on parole. After thorough review, we affirm.

## **I. Facts and Procedural History**

On November 17, 2009, Pittman was sentenced in the Court of Common Pleas of Chester County to 48 to 96 months in state prison, after pleading guilty to 1 count of possession with intent to deliver. Certified Record (C.R.) at 58-59. Pittman was subsequently paroled on April 20, 2015, at which point the maximum date on his November 2009 sentence was February 20, 2018. *Id.* at 4.[1]

On April 1, 2016, the Board declared Pittman delinquent as an absconder and subsequently issued a warrant to commit and detain him on April 18, 2016. *Id.* at

---

[1] Though Pittman was sentenced on November 17, 2009, the effective start date of that sentence was February 20, 2010. C.R. at 59.

11-12, 25. Pittman was then arrested by Board agents and thereafter Pittman waived his right to a preliminary hearing. *Id.* at 15, 17. On April 25, 2016, the Board elected not to send Pittman to state prison for technical parole violations and instead directed that he be detained at a parole violator center. *Id.* at 17-19, 25. In addition, the Board held his parole "violation (hearing/decision) in abeyance, pending completion of recommended programming." *Id.* at 19. Pittman was released from the parole violator center on June 6, 2016. *Id.* at 25.

On November 7, 2016, the Board again declared Pittman delinquent as an absconder. *Id.* at 21, 23, 25. The Board then issued a warrant to commit and detain Pittman on January 7, 2017, and Pittman was arrested that same day in Coatesville, Pennsylvania. *Id.* at 22, 25. Pittman waived his right to a hearing and, on January 24, 2017, the Board decided that Pittman should again be detained at a parole violator center, rather than sending him to serve backtime in state prison. *Id.* at 28-32. As it had done before, the Board elected to hold Pittman's parole "violation (hearing/decision) in abeyance, pending completion of recommended programming." *Id.* at 32. Pittman was subsequently released from the parole violator center on May 11, 2017, and was then transferred to a community corrections center. *Id.* at 33-34. Pittman was released from the community corrections center in July 2017. *Id.* at 39.

On August 1, 2017, Pittman was arrested in Coatesville and was charged with several drug-related crimes. *Id.* at 36. The Board then issued a warrant to commit and detain Pittman on August 2, 2017. *Id.* at 35. This warrant was lifted on February 20, 2018, the then-effective maximum date on Pittman's November 2009 sentence, and Pittman was released on bail for his August 2017 drug charges, pending trial. *Id.* at 39, 78. On January 24, 2019, Pittman pled guilty in the Court of Common Pleas

of Chester County to 2 counts of possession with intent to deliver and was sentenced to 25 to 60 months in state prison, with 203 days of credit for presentence detainment. *Id.* at 81.

In response to Pittman's guilty plea, the Board issued another warrant to commit and detain on February 4, 2019. *Id.* at 48. Pittman then waived his right to both a parole revocation hearing and to counsel and admitted to the veracity of his guilty plea. *Id.* at 55-57. On April 15, 2019, the Board ordered that Pittman be recommitted as a CPV to serve the balance of the time left on his November 2009 sentence, which the Board calculated as 21 months and 7 days. *Id.* at 99-102. In addition, it awarded him no credit for time served at liberty on parole, gave him 388 days of credit for confinement time between April 18, 2016, and May 11, 2017, and recalculated his maximum date as January 16, 2021. *Id.*[2]

Pittman then administratively appealed this decision on May 10, 2019.[3] Therein, Pittman argued that the Board had not properly calculated the maximum date on his November 2009 sentence and had, in effect, unlawfully revoked time credit it had previously awarded towards that sentence for his prior technical parole violations. *Id.* at 114-15. In addition, Pittman noted that he had been held for more than six months after his August 2017 arrest before he had both reached his then-operative maximum date and made bail on the charges stemming from the August 2017 arrest, but had not gotten a hearing before the Board or been visited by his

---

[2] This decision is not stamped with a mailing date; however, it is stamped as having been "received" by the parole office at the State Correctional Institution at Laurel Highlands on May 1, 2019, and an order to recommit that is dated April 30, 2019, is attached thereto. *See* C.R. at 99-102.

[3] Pittman's administrative appeal did not reach the Board until August 13, 2019, as the United States Postal Service marked his initial mailing as undeliverable on July 1, 2019, and returned it to Pittman, which forced him to resend his paperwork to the Board. *See* C.R. at 114-19.

parole officer during that time period. *Id.* at 115. Finally, Pittman asked the Board to reconsider the sanctions it had imposed upon him, due to what he characterized as his efforts to take responsibility for his criminal behavior and to turn his life around. *Id.* at 115-16. Pittman supplemented his initial administrative appeal by sending several additional appeals and documents to the Board between mid-August 2019 and early August 2020. *See id.* at 120-44.

On September 3, 2020, the Board responded to Pittman's first administrative appeal by issuing an order affirming in part and reversing in part its April 15, 2019 decision.[4] Therein, the Board stated that it had erroneously ordered Pittman to serve the balance of his November 2009 sentence, *i.e.*, 21 months and 7 days, as CPV backtime, when the record showed that it had been stipulated that only 18 months of backtime would be imposed. *Id.* at 145. In addition, the Board concluded that it had improperly given Pittman time credit for being confined on the Board's warrant between April 18, 2016, and May 11, 2017, when he had only been confined between April 18, 2016, and June 6, 2016, and between January 7, 2017, and May 11, 2017. *Id.* Accordingly, the Board stated that Pittman was eligible for reparole on October 8, 2020, and recalculated the maximum date on his November 2009 sentence as August 19, 2021. *Id.*[5]

The Board mailed this order to Pittman, but it was returned thereafter as "refused" and "unable to forward," with a stamp on the envelope that stated, "Return to Sender[.] No Inmate Number[.]" *Id.* at 167. In response, the Board resent its order

---

[4] The Board stated that it considered Pittman's other administrative appeals and materials to be impermissible "second or subsequent requests for relief." C.R. at 145.

[5] The Board informed Pittman that it would be issuing a decision memorializing these changes shortly, which he could elect to challenge by filing an administrative appeal. C.R. at 146. This decision, which modified the Board's original April 15, 2019 decision, was issued on September 11, 2020. *Id.* at 108.

4

on September 23, 2020. Except for the mailing date, the Board's September 23, 2020 order was identical to the one it had sent on September 3, 2020. *See id.* at 145, 169.

This Petition for Review, pertaining to the Board's September 23, 2020 order, followed.

## II. Discussion

Pittman presents two issues for our consideration.[6] First, the Board erred by imposing CPV backtime upon him, as the maximum date on his November 2009 sentence passed prior to his January 2019 guilty plea and sentence. Pittman's Br. at 16. According to Pittman, once his maximum date passed, the Board lost the ability to recalculate it retroactively. *Id.* Second, the Board erred by effectively revoking time credit it had previously granted him towards his November 2009 sentence for his technical parole violations, as well as by only awarding him credit for the time periods during which he had been held at parole violator centers. *Id.* at 16-18. We address each of these arguments in turn.

With regard to the first claim, we conclude that Pittman has failed to preserve it for appellate review. It is well settled that a litigant may not assert an issue on appeal unless they first raised it at the administrative level.[7] 2 Pa. C.S. § 703(a); Pa. R.A.P. 1551; *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993). Given that Pittman did not present his first claim in his administrative appeal, he has waived it and cannot raise it now to attack the Board's September 23, 2020 order. *See Headley v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth.,

---

[6] Under Section 704 of the Administrative Agency Law, our standard of review in this matter is limited to determining whether the Board violated Pittman's constitutional rights, committed an error of law, or made findings of fact that were not supported by substantial evidence. 2 Pa. C.S. § 704.

[7] There are several exceptions to this rule, none of which are applicable to this matter.

No. 2553 C.D. 2015, filed May 2, 2017), slip op. at 5-6, 2017 WL 1629441, at *2-*3 (a parole violator only preserves for appellate review those issues expressly or impliedly flowing from the wording used in their administrative remedies form).[8]

As for Pittman's second argument, we disagree with his contention that the Board failed to properly recalculate the maximum date on his November 2009 sentence. Our conclusion on this point hinges upon Section 6138 of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. § 6138. As our Supreme Court has stated:

> "[T]he objective of all interpretation and construction of statutes is to ascertain and effectuate the intention of the legislature." *Bayada Nurses v. Dept. of Lab*[. &] *Indus.*, . . . 8 A.3d 866, 880 ([Pa.] 2010) (citing 1 Pa. C.S. § 1921(a)). Generally, the best indication of the General Assembly's intent is the plain language of the statute. "When the words of a statute are clear and free from all ambiguity, they are presumed to be the best indication of legislative intent." *Chanceford Aviation v. Chanceford Twp. Bd. of Supervisors*, . . . 923 A.2d 1099, 1104 ([Pa.] 2007) (citations omitted).

*Allstate Life Ins. Co. v. Com.*, 52 A.3d 1077, 1080 (Pa. 2012).

Turning to the aforementioned statute itself, the relevant portions of Section 6138, as it existed when the Board twice sent Pittman to parole violator centers,[9] read as follows:

> **(c) Technical violators.--**
>
> > (1) A parolee under the jurisdiction of the [B]oard who violates the terms and conditions of his parole, other than by the commission of a new crime of

---

[8] *See* Commonwealth Court Internal Operating Procedure 414(a), 210 Pa. Code § 69.414(a) (unreported Commonwealth Court opinions issued after January 15, 2008, may be cited for their persuasive value).

[9] The current version of Section 6138 was created through amendments made by the Act of December 18, 2019, P.L. 776, which went into effect on April 16, 2020, as well as amendments made by the Act of June 30, 2021, P.L. __, which was immediately effective upon its passage.

which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or *nolo contendere* in a court of record, may be detained pending a hearing before the [B]oard or waiver of the hearing or recommitted after a hearing before the [B]oard or a waiver of the hearing.

. . . .

(2) If the parolee is recommitted under this subsection, the parolee shall be given credit for the **time served on parole in good standing** but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences.

. . . .

(5) Parole violators shall be supervised in accordance with evidence-based practices that may include:

(i) Consideration of whether the offender poses a risk of safety to the community or himself.

(ii) The [B]oard's capacity to deliver programs that address criminal thinking behavior and related crime-producing factors.

(iii) Use of community-based sanctioning alternatives to incarceration.

(iv) Use of a graduated violation sanctioning process.

(v) Recommitment to:

(A) a State correctional institution;

(B) a contracted county jail;

(C) a community corrections center; or

(D) a community corrections facility.

7

61 Pa. C.S. § 6138 (2012) (amended 2019). Per Section 6138(c)(2), a parolee is entitled to "credit for . . . time served on parole in good standing" when recommitted for technical violations, which cannot be subsequently revoked by the Board in the event the parolee is thereafter deemed a CPV, unless the CPV determination relates to the same acts that gave rise to those technical violations. *See Kazickas v. Pa. Bd. of Prob. & Parole*, 226 A.3d 109, 116 (Pa. Cmwlth. 2020); *Penjuke v. Pa. Bd. of Prob. & Parole*, 203 A.3d 401, 411-21 (Pa. Cmwlth. 2019). In other words, when "recommitting [a parolee] as a CPV, the Board [cannot] []reach back[] . . . into the past periods of parole and also take away or revoke credit that was previously granted to [the parolee] as a [technical parole violator (TPV).]" *Penjuke*, 203 A.3d at 417 (citation and quotation marks omitted). "Once the . . . Board grants sentence credit for street time, it is gone. The only extant [time] will be that [which] falls between the parolee's most recent reparole and his recommitment." *Young v. Pa. Bd. of Prob. & Parole*, 189 A.3d 16, 21 (Pa. Cmwlth. 2018), *aff'd*, 225 A.3d 810 (Pa. 2020).

The Board argues that the aforementioned case law does not apply here because

> **Pittman was never previously recommitted as a** [**TPV**] **on his** [**November 2009**] **sentence** . . . . Despite Pittman's claims that his placement in a parole violator center was a recommitment, this is simply not the case. The Board specifically noted that Pittman was to be placed in a parole violator center and the technical parole violations were held in abeyance. (C.R. pp. 19, 32). **Pittman's parole was never revoked and thus he was never recommitted as a** [**TPV**]. Moreover, Pittman was given credit for the time periods he was diverted to the parole violator centers.

Board's Br. at 16-17 (emphasis added).

8

We agree with the Board. Per the plain language of Section 6138(c)(2) of the Parole Code, an individual is entitled to credit for street time *only* if the Board recommits him as a TPV. 61 Pa. C.S. § 6138(c)(2). Though the Board twice sent Pittman to parole violator centers in 2016 on account of his alleged technical parole violations, in those instances the Board never held parole revocation hearings, declared Pittman a TPV, or revoked his parole; instead, it merely ordered that he be diverted to those centers and then held for certain lengths of time, for which it awarded him credit towards his November 2009 sentence. Consequently, the Board never gave Pittman credit for any of the street time he accrued after his release from state prison in April 2015, nor was it legally required to do so. Pittman's argument that the Board subsequently and unlawfully stripped him of already-awarded street time credit is therefore incorrect.

### III. Conclusion

In light of the foregoing analysis, we affirm the Board's September 23, 2020 order.

_____
ELLEN CEISLER, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Pittman,                              :
                 Petitioner       :
                            :
        v.                          :  No. 1075 C.D. 2020
                            :
Pennsylvania Parole Board,                   :
               Respondent     :

# **O R D E R**

AND NOW, this 19th day of August, 2021, it is hereby ORDERED that Respondent Pennsylvania Parole Board's September 23, 2020 order is AFFIRMED.

_____
ELLEN CEISLER, Judge