IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antione Dean,                              :
                   Petitioner           :
                                                    :
                                                    : No.   897 C.D. 2022
          v.                              :
                                                      : Submitted: March 17, 2023
Pennsylvania Parole Board,                 :
                   Respondent          :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE STACY WALLACE, Judge

*__OPINION NOT REPORTED__*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                       FILED: March 5, 2024

Antione Dean (Petitioner) petitions for review of the order of the Pennsylvania Parole Board (Board) mailed July 26, 2022, affirming its decision mailed June 24, 2022, which recalculated his maximum sentence date as June 23, 2024.[1] Upon review, we affirm.

---

[1] We note that the appeal pending at *Dean v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 729 C.D. 2022, filed March 5, 2024) is related to this appeal.  This appeal was taken from the Board's June 24, 2022 recalculation of Petitioner's maximum sentence, specifically, the Board's deduction of two days' credit.  The appeal at No. 729 C.D. 2022 was taken from the Board's June 21, 2022 decision which rejected as untimely Petitioner's challenge to his December 22, 2021 revocation of his parole. In a rather confusing manner, Petitioner's counsel has filed the exact same brief in both appeals, and the argument sections do not include any discussion about the two days' credit, but rather the 147-day credit Petitioner spent in federal custody, after the Board's detainer was lifted.

## I. Facts and Procedural History

On September 30, 2013, Petitioner pled guilty to manufacture/sale/ delivery or possession with intent to distribute illegal drugs and was sentenced to two years and six months to five years' incarceration, with a controlling maximum date of June 25, 2018. (Certified Record (C.R.) at 1-3.) On October 6, 2015, Petitioner was released on parole from Quehanna Motivational Boot Camp. *Id.* at 4-5.

On November 25, 2016, Pittsburgh City Police filed new criminal charges against Petitioner for the offenses of robbery and simple assault. *Id.* at 28. On March 21, 2017, Petitioner pled guilty to disorderly conduct, all other charges were withdrawn, and he was sentenced to county jail confinement from March 24, 2017, to April 23, 2017. *Id.* at 29.

On June 20, 2018, Petitioner was arrested by the United States (U.S.) Marshals and charged with conspiracy to possess with intent to distribute (PWID) 280 grams or more of cocaine base. *Id.* at 19. That same day, the Board issue its detainer against Petitioner for the new criminal charges. *Id.* at 29. On June 25, 2018, Petitioner reached his maximum sentence date, and the Board's detainer was lifted; Petitioner nevertheless remained in federal custody. *Id.*

On January 26, 2021, Petitioner pled guilty to conspiracy to PWID and was sentenced to 42 months' imprisonment to be served in federal confinement. *Id.* at 20, 32-33. On January 27, 2021, a warrant to commit and detain was issued by the Board. *Id.* at 15. On February 17, 2021, Petitioner signed a notice of charges and hearing, waived his rights to a revocation hearing and counsel, and admitted that he had been convicted of a new criminal charge. *Id.* at 18, 38. On April 5, 2021, the Board entered a decision recommitting Petitioner to a state correctional institution

(SCI) as a convicted parole violator (CPV) to serve 24 months' backtime when available, pending his return to an SCI. *Id.* at 60-61.

On November 5, 2021, Petitioner was released from federal confinement. *Id.* at 66. On December 22, 2021, the Board mailed a decision, referring to its action of April 5, 2021, and recommitting Petitioner to an SCI as a CPV to serve 24 months' backtime with no credit given for time spent at liberty on parole because he had committed a new conviction that was the same or similar to the original offense. *Id.* at 69-70. The order reflected that Petitioner's custody for return date was November 5, 2021, Petitioner's recomputed maximum date was June 21, 2024, and he owed 959 days of backtime. *Id.* at 67-68. Petitioner was also awarded two days' backtime credit from June 20, 2018, to June 22, 2018. *Id.*

On January 26, 2022, the Board received Petitioner's administrative remedies form challenging the Board's decision mailed December 22, 2021. *Id.* at 78. Petitioner argued that he did not get a revocation hearing and did not waive his right to one. *Id.* He also contested recalculation of his maximum date stating that he was entitled to a credit for the time he was in federal custody awaiting sentencing. *Id.* at 79. By correspondence received on January 31, 2022, Petitioner's Counsel (Counsel) entered his appearance.

The Board's decision mailed on June 21, 2022, dismissed as untimely Petitioner's objection to Board's revocation of parole. *Id.* at 87-89. However, the Board reversed its decision mailed December 22, 2021 and recalculated the maximum date from June 21, 2024, to June 23, 2024, taking away the two-days' backtime credit from June 20, 2018, to June 22, 2018. *Id.* The Board stated:

> First the record reveals that by decision recorded April 5,
> 2021 (mailed 4/21/2021), the Board recommitted [Petitioner]
> as a [CPV] when available, pending his return to a[n SCI].

3

There is no indication that [Petitioner] filed any request for relief from that decision, and as such, to the extent [Petitioner] now challenges the Board's revocation of his parole [his challenge] is not timely. 37 Pa. Code § 73.1. [Petitioner] may not use the December 10, 2021 [(mailed December 22, 2021),] recalculation decision to revive lapsed appeal rights form the April 5, 2021 recommitment decision.

Next, on October 26, 2015, [Petitioner was] paroled from Quehanna Boot Camp from his original sentence. [Petitioner's] maximum date on his original sentence was June 25, 2018, which means he had 993 days left to serve the day he was released. The Board's decision to recommit [Petitioner] as a CPV authorized the recalculation of his maximum date to reflect that he received no credit for the time spent at liberty on parole. 61 Pa. C.S. § 6138(a)(2).[2] The Board denied [Petitioner] credit for the time spent at liberty on parole in this case, which means he owed 993 days on his original sentence based on the recommitment. [Petitioner] is entitled to confinement credit for 32 days from December 9, 2016[,] to January 10, 2017, a period that he was temporarily held solely on the Board's detainer. Applying such credit left [Petitioner] with 993 - 32 = 961 days to serve on his original sentence based on the recommitment.

The record indicates that on June 20, 2018, the Board lodged its detainer against [Petitioner] for new criminal charges. On June 20, 2018, an order of temporary detention was issued by a federal magistrate. On June 25, 2018, the Board's detainer was lifted after [Petitioner] reached his original maximum date. On January 26, 2021, [Petitioner] was convicted in federal court and he was sentenced to a new term of 42 months incarceration to be served in federal prison. On January 27, 2021, a Board detainer was lodged for revocation proceedings. On February 17, 2021, [Petitioner] waived his right to a revocation hearing and he acknowledged the veracity of the new federal conviction. The Board voted to revoke [Petitioner's] parole on February 23, 2021. On November 5, 2021, [Petitioner] completed his new federal sentence and he returned to [an SCI]. Based on the above

[2] 61 Pa.C.S. §§ 101-7301.

4

facts, [Petitioner] is not entitled to any pre-sentence credit from June 20, 2018[,] to June 25, 2018[,] as he was not held solely on the Board's detainer for that period. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). The record reflects that such credit has been applied toward his new federal sentence. The two days of credit that [Petitioner] currently received from the Board on his original sentence was in error and will be removed. This means that Petitioner owed 961 days on his original sentence based on the recommitment.

The Prisons and Parole Code provides that a CPV who was released from an SCI and receives a new sentence to be served in a federal institution must serve the original sentence first. 61 Pa. C.S. § 6138(a)(5.1). However, that provision is contingent on federal authorities releasing the offender to Pennsylvania custody. This means that [Petitioner] became available to commence service of his original sentence when he completed his federal sentence on November 5, 2021. Adding 961 days to November 5, 2021 yields **a recalculated maximum date of June 21, 2024**.[3] **A new decision reflecting the change to [Petitioner's] maximum date will be issued to you and your client under separate cover.** The forthcoming decision will be subject to review pursuant to the Board's regulation authorizing administrative relief.

*Id.* at 86-88 (emphasis added). On June 24, 2022, the Board, as promised, mailed a new decision to reflect a new parole violation maximum date of June 23, 2024. *Id.* at 76. Counsel appealed that decision by mailing an administrative remedies form to the Board on July 13, 2022, stating that the Board failed to give Petitioner credit for all time served exclusively pursuant to the Board's warrant. That same date, July 13, 2022, Counsel filed an appeal with this Court, challenging the Board's decision mailed June

---

[3] The Board had a typographical mistake in its order. Adding 961 days to November 5, 2021, yields a recalculated maximum date of June 23, 2024. The new decision reflecting the change, mailed June 24, 2022, had the correct maximum date on it. (C.R. at 76.)

5

21, 2022 (quoted in its entirety above), which reversed its order mailed December 21, 2021 insofar as the Petitioner's maximum date recalculating it resulting in a loss of two days' of backtime credit. (C.R. at 89.) The decision also dismissed as untimely Petitioner's objection to the Board's revocation of his parole. *Id.* The appeal was docketed as No. 729 C.D. 2022.

While the appeal was pending with this Court, on July 26, 2022, the Board mailed its decision in response to Counsel's administrative remedies form mailed on July 13, 2022, affirming the challenged decision mailed June 24, 2022. Following that decision, on August 22, 2022, Counsel filed another appeal with this Court, this time challenging the Board's decision mailed on June 24, 2022. This appeal was docketed as No. 897 C.D. 2022.

## II. Issue

In this appeal[4] Petitioner argues that the Board erred when it failed to award him credit for all time served exclusively pursuant to its warrant.

## III. Discussion

Petitioner argues that the Board failed to give him credit for all time served exclusively pursuant to the Board's warrant or while incarcerated. Specifically, Petitioner argues that while he was waiting to resolve his pending federal charges, he was held in an SCI, and the federal authorities reduced his federal bail to unsecured. Petitioner therefore argues that all the time he was held until his federal sentencing should have been applied to his original sentence. Petitioner seeks credit of 147 days

---

[4] Our standard of review is limited to a determination of whether the necessary findings are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights of the parolee were violated. *See* 2 Pa. C.S. § 704; *Young v. Pennsylvania Board of Probation and Parole*, 189 A.3d 16, 18 n.3 (Pa. Cmwlth. 2018).

for the period of time from October 18, 2018, to March 14, 2019. Petitioner's brief states:

> Although the information is not in the certified record, it is assumed that the period between October 18, 2018[,] when [] [P]etitioner was given unsecured bail by the federal authorities until he was returned to the federal authorities on March 14, 2019[,] that the period of 147 days was served in a[n SCI] pursuant to that warrant.

(Petitioner's Br. at 12.) This specific issue regarding 147 days was never before the Board. Rather, the administrative remedies form received by the Board stated, "I should have received credit toward my original sentence from the date the detainer was lodged till [sic] my sentencing date." (C.R. at 79.)

As previously stated in the facts section above, this identical issue was already raised in a previous counseled appeal docketed at No. 729 C.D. 2022, in which we concluded that it was without merit. The record indicates that the Board's detainer was lodged on June 20, 2018, following Petitioner's arrest by the U.S. Marshals. That same day, an order of temporary detention was issued by a federal magistrate. *Id.* at 87. On June 25, 2018, the detainer was lifted after Petitioner reached his original maximum date. On January 26, 2021, Petitioner was convicted in federal court and sentenced to incarceration in federal prison. Petitioner is not entitled to presentence credit because the Board's detainer was lifted on June 25, 2018, and he is also not entitled to five days' credit between June 20, 2018, and June 25, 2018, as he was not held solely on the Board's detainer for that period. *Gaito*, 412 A.2d 568 (Pa. 1980). We find this issue is therefore without merit.

## IV. Conclusion

Accordingly, we affirm the order of the Board.

_____

PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antione Dean,                          :
      Petitioner             :
                                           :   No. 897 C.D. 2022
      v.                      :
                                           :
Pennsylvania Parole Board,             :
      Respondent           :

## *ORDER*

      AND NOW, this 5th day of March, 2024, the Order of the Pennsylvania Parole Board mailed on July 26, 2022 is AFFIRMED.


_____
PATRICIA A. McCULLOUGH, Judge