IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carl A. Wojtaszek,              :
             Petitioner       :
             :
      v.                    :   No. 898 C.D. 2018
             :   SUBMITTED: February 8, 2019
Pennsylvania Board of Probation and   :
Parole,              :
             Respondent     :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                             FILED: October 9, 2019

Petitioner Carl A. Wojtaszek (Wojtaszek) petitions for review of the Pennsylvania Board of Probation and Parole's (Board) June 12, 2018 ruling, through which the Board affirmed its May 15, 2018 decision that recommitted Wojtaszek to serve 12 months of backtime as a convicted parole violator (CPV) and recalculated his maximum date as April 7, 2020. After thorough review, we affirm.

**Facts and Procedural History**

Wojtaszek pled guilty to one count of possession with intent to distribute and, on July 12, 2011, he was sentenced in the Court of Common Pleas, 26th Judicial District, Columbia County Branch (Trial Court) to a term of three-to-six years in state prison. Certified Record (C.R.) at 1. On September 18, 2012, Wojtaszek was transferred from State Correctional Institution – Houtzdale to Quehanna Motivational Bootcamp. *Id.* at 80; Supplemental Certified Record (S.C.R.) at 4A-

6A. On April 15, 2013, he was paroled to Hazleton Treatment Center, a community corrections center. C.R. at 80; S.C.R. at 7A. At the time of his parole, the maximum date on Wojtaszek's 2011 sentence was July 12, 2017. S.C.R. at 4A.

On August 28, 2013, Wojtaszek agreed to move to an inpatient substance abuse treatment program offered by Catholic Social Services (CSS) in Scranton, Pennsylvania, and remain there until CSS' staff deemed him suitable for discharge. S.C.R. at 15A. On August 31, 2013, Wojtaszek absconded from CSS. *Id.* On September 6, 2013, he was arrested in Berwick, Pennsylvania, and charged with several drug-related offenses. *Id.* at 15A, 57A-58A. The Board issued a detainer on September 6, 2013, and then declared him delinquent as of August 31, 2013, via an order dated September 9, 2013. *Id.* at 9A-10A.

On September 12, 2013, Wojtaszek waived his right to a parole revocation hearing before the Board, as well as his right to be represented by counsel, and admitted that he had committed technical violations of his parole terms. *Id.* at 13A-14A, 17A. On November 7, 2013, the Board recommitted Wojtaszek as a technical parole violator (TPV) to serve six months of backtime, recalculated his maximum date as July 18, 2017, and stated that the Board would again review his situation on or after March 6, 2014. *Id.* at 32A-33A. The Board modified its November 7, 2013 decision on December 31, 2013, to clarify that its detainer remained active pending resolution of the Berwick drug charges. The Board stated that it would review Wojtaszek's situation on March 6, 2014, only if these charges had been adjudicated, and that Wojtaszek's maximum date was subject to change pending the result of the Berwick case. *Id.* at 46A. On June 4, 2014, the Board again modified its November 7, 2013 decision by removing the review requirement and inserting a directive that

2

Wojtaszek be automatically paroled as of March 6, 2014, pending resolution of the Berwick charges. *Id.* at 52A-53A.

On October 29, 2014, Wojtaszek pled guilty to one count of possession with intent to deliver and was sentenced by the Trial Court on November 3, 2014, to time served. *Id.* at 56A-61A. In response, the Board placed another detainer on Wojtaszek on November 6, 2014. *Id.* at 62A-63A. Wojtaszek again waived his right to a parole revocation hearing, as well as to counsel, and admitted to the veracity of his October 29, 2014 guilty plea. *Id.* at 64A-65A. On January 7, 2015, the Board ordered Wojtaszek to serve nine months of backtime as a CPV, concurrent with the six months of already-imposed TPV backtime. *Id.* at 84A-85A. In addition, the Board elected to award Wojtaszek credit for the full amount of time he had served at liberty on parole between April 15, 2013, and August 31, 2013 (*i.e.*, 138 days), and recalculated his maximum date as July 14, 2018. *Id.* at 81A-85A. Thereafter, the Board paroled Wojtaszek on April 4, 2016. C.R. at 7. Wojtaszek initially resided at Crispus Attucks Youthbuild in York, Pennsylvania, before he was discharged to live at an approved private residence on June 20, 2016. *Id.* at 65.

On August 1, 2017, Wojtaszek was arrested in York, Pennsylvania, and charged with multiple drug-related crimes, prompting the Board to place a detainer upon him that same day. *Id.* at 23, 26. Initially, Wojtaszek's bail was set at $50,000, which he was unable to satisfy; however, this was changed to unsecured bail on August 23, 2017. *Id.* at 71. Wojtaszek subsequently pled guilty in the Court of Common Pleas of York County on December 27, 2017, to one count of possession with intent to deliver and was sentenced to between 3 and 23 months of incarceration. *Id.* at 54. On February 9, 2018, Wojtaszek waived his right to a parole revocation hearing, as well as to counsel, and admitted to the substance of his

December 27, 2017 guilty plea. *Id.* at 52, 60. The Court of Common Pleas of York County then paroled Wojtaszek from his December 2017 sentence on March 3, 2018. *Id.* at 69.

On May 15, 2018, the Board ordered Wojtaszek to be recommitted as a CPV to serve 12 months of backtime as a result of his December 2017 York County conviction. *Id.* at 81-82. The Board gave Wojtaszek credit for the 77 days he resided at Crispus Attucks Youthbuild, as well as for the 126 days prior to entering his guilty plea in York County, during which he was held solely on the Board's detainer. *Id.* at 83. However, the Board also elected to revoke the credit it had previously awarded to Wojtaszek for the 138 days of street time he had accrued between April 15, 2013, and August 31, 2013. *Id.* As a result, the Board recalculated Wojtaszek's maximum date for his July 2011 sentence as April 7, 2020. *Id.* at 81-83.

Wojtaszek then challenged the Board's decision via an Administrative Remedies Form, which he sent to the Board on May 29, 2018. *Id.* at 85-86. In the "Administrative Appeal" section of the Form, Wojtaszek checked the "Recommitment Challenge" and "Other" boxes. *Id.* at 85. Wojtaszek elaborated by claiming that the Board's "[c]alculation of liberty time is in error by more than (7) months that has been added to my sentence. Parole waiver was signed on 2-9-18. Remained in [Department of Corrections] custody from 8-23-17, not 3-3-17. (7) months has not been properly awarded as <u>no</u> [a]bsconding time was calculated as I did not [a]bscond." *Id.* (emphasis in original). In addition, in the "Petition for Administrative Review" section of the Form, Wojtaszek checked the "Sentence Credit Challenge" and "Reparole Eligibility Date" boxes. *Id.* Wojtaszek explained that he believed the Board had erred, as the "[c]ustody for return date is incorrect since I posted bond on York County case on 8-23-2017[,] not on 3-3-18 [as] listed

4

on the PBPP-39 form attached to the current Board decision (PBPP[-]15)." *Id.* The Board responded on June 12, 2018, affirming its May 15, 2018 decision and explaining in a conclusory manner, that "it was determined there is no indication the Board failed to appropriately recalculate [Wojtaszek's] maximum date[.]" *Id.* at 87.

On June 28, 2018, Wojtaszek filed a *pro se* Petition for Review with our Court. We subsequently appointed the Public Defender of Erie County to represent Wojtaszek. Jessica A. Fiscus, Esquire (Counsel), entered her appearance in this matter on August 20, 2018. On October 1, 2018, Counsel sought leave to withdraw, stating that Wojtaszek's appeal was "frivolous[.]" Petition for Leave to Withdraw as Counsel at 1. After reviewing the Certified Record that had been filed by the Board, we concluded that the Record was missing critical documentation. Consequently, on March 18, 2019, we ordered the Board to submit a Supplemental Certified Record and directed Counsel to either renew her request for permission to withdraw, or file an advocate's brief on his behalf. Commonwealth Court Order, 3/18/19, at 1. On April 15, 2019, the Board filed an 85-page-long Supplemental Certified Record. On May 15, 2019, Counsel petitioned for permission to file an Amended Petition for Review, which we granted on June 26, 2019. Commonwealth Court Order, 6/26/19, at 1.

## Discussion

Wojtaszek argues[1] that the Board erred by revoking credit that had previously been awarded for the time he served at liberty on parole between April 15, 2013, and August 31, 2013. Wojtaszek claims that this is barred by our holding in *Young v.*

---

[1] Our standard of review in the context of Board decisions is limited to determining whether the Board violated a petitioner's constitutional rights or committed an error of law and whether the Board's findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

5

*Pennsylvania Board of Probation and Parole*, 189 A.3d 16 (Pa. Cmwlth. 2018), *appeal granted*, 200 A.3d 5 (Pa. 2019). Wojtaszek's Br. at 15-16. Through *Young*, we held that the Prisons and Parole Code, 61 Pa. C.S. §§ 101-6309, does not allow the Board to revoke a CPV's credit for a specific period of street time when the Board had already awarded that credit during the course of a prior recommitment matter. 189 A.3d at 18-22. In response, the Board claims that Wojtaszek waived this argument by failing to raise it through his Administrative Remedies Form. In the alternative, the Board argues that *Young*, which was decided between when Wojtaszek submitted his Form and when the Board denied his administrative appeal, should not be applied retroactively. Board's Br. at 8-9.[2]

We agree with the Board that Wojtaszek failed to raise the specific street time claim before the Board. We are therefore constrained to deem it waived. A fundamental precept of appellate review is a party cannot argue an issue on appeal if they failed to first raise it at the administrative level.[3] 2 Pa. C.S. § 703(a); Pa. R.A.P. No. 1551; *McCaskill v. Pa. Bd. of Prob. and Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993). Here, though Wojtaszek checked the "Sentence Credit Challenge" box on his May 29, 2018 Administrative Remedies Form, he expressly stated that this "Challenge" was rooted in his belief that the Board had erroneously failed to give him credit towards his July 2011 sentence for time served between

---

[2] The Board also maintains that it properly determined that Wojtaszek was not returned to state custody until March 3, 2018, not August 23, 2017 as claimed by Wojtaszek. Board's Br. at 9. On this basis, the Board argues it correctly awarded him 126 days of credit towards his July 2011 sentence (*i.e.*, the length of time during this window where he was he solely on the Board's detainer) rather than for the entire 6½ months. *Id.* at 10-11. It is unclear why the Board seeks to make this point, as Wojtaszek himself agrees with it in full, as shown through the appellate brief filed by Counsel on his behalf. *See* Wojtaszek's Br. at 14-15, 15 n.3.

[3] There are several exceptions to this rule, none of which are applicable to this matter.

August 23, 2017, and March 3, 2018. C.R. at 85. Thus, Wojtaszek's "Challenge" cannot be fairly construed as expressly or impliedly attacking the Board's revocation of the 138 days of street time credit it had previously awarded to him in January 2015. Therefore, Wojtaszek has waived this issue for purposes of appellate review. *See Headley v. Pa. Bd. of Prob. and Parole*, (Pa. Cmwlth., No. 2553 C.D. 2015, filed May 2, 2017), slip op. at 5-6, 2017 WL 1629441, at *2-*3 (challenging the Board's sentence credit determination through administrative remedies form only preserves for appellate review those issues expressly or impliedly flowing from the wording used by the parole violator on his form).[4]

## Conclusion

As Wojtaszek has waived the sole issue he raised in his appellate brief, we are compelled to affirm the Board's June 12, 2018 ruling that affirmed its May 15, 2018 decision.[5]

---

ELLEN CEISLER, Judge

---

[4] *See* Commonwealth Court Internal Operating Procedure 414(a), 210 Pa. Code § 69.414(a) (unreported Commonwealth Court opinions issued after January 15, 2008 may be cited for their persuasive value).

[5] Because of this waiver determination, we decline to address the Board's remaining argument regarding retroactive application of *Young*.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carl A. Wojtaszek, : 
              Petitioner : 
               : 
      v. : No. 898 C.D. 2018
               : 
Pennsylvania Board of Probation and : 
Parole, : 
              Respondent : 

## **O R D E R**

AND NOW, this 9th day of October, 2019, Respondent Pennsylvania Board of Probation and Parole's (Board) June 12, 2018 ruling, through which the Board affirmed its May 15, 2018 decision that recommitted Petitioner Carl A. Wojtaszek to serve 12 months of backtime as a convicted parole violator and recalculated his maximum date as April 7, 2020, is AFFIRMED.

 

 

_____
ELLEN CEISLER, Judge