IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Lawson,                              :
                                             :
                    Petitioner               :
                                             :
          v.                                 : No. 1298 C.D. 2020
                                             : Submitted: July 9, 2021
Pennsylvania Parole Board,                   :
                                             :
                    Respondent               :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  December 30, 2021


          Derrick Lawson (Parolee), an inmate confined at the State Correctional Institution (SCI) at Houtzdale,[1] petitions for review of a November 13, 2020 order of the Pennsylvania Parole Board (Board) that affirmed the Board's actions mailed on September 3, 2019, and November 7, 2019, recommitting Parolee as a convicted parole violator (CPV) to serve 12 months' backtime, and denying him credit for the time that he spent at liberty on parole, also known as "street time."  On appeal,

---

[1] We note that Parolee was initially represented by the Assistant Public Defender of Clearfield County in this matter.  Parolee subsequently requested permission to proceed *pro se*. On August 12, 2021, we granted Parolee's request, directed the Prothonotary to strike the Public Defender of Clearfield County as counsel from the docket and designate Parolee as representing himself, and dismissed Parolee's counsel's application to withdraw as counsel as moot. *See* Order dated August 12, 2021.

Parolee argues that the Board violated *Penjuke v. Pennsylvania Board of Probation and Parole*, 203 A.3d 401 (Pa. Cmwlth. 2019), *appeal denied*, 228 A.3d 254 (Pa. 2020), by revoking street time credit that was previously granted to him, and thus erred in recalculating his maximum sentence date. For the following reasons, we affirm the Board's order.

In 2014, Parolee pleaded guilty to the charge of persons not to possess, use, manufacture, control, sell, or transfer firearms in the Philadelphia County Court of Common Pleas, and was sentenced to serve three to eight years in an SCI, but was recommended for motivational boot camp. Certified Record (C.R.) at 1-4.[2] At that time, his maximum sentence date was November 21, 2021. *Id*. at 1-2.

Parolee was paroled from motivational boot camp on July 13, 2015. C.R. at 4. On April 30, 2017, Parolee was arrested by the Philadelphia Police Department for possessing an instrument of crime, criminal mischief, and simple assault. *Id.* at 13-14, 16-18. He was confined at SCI-Graterford pending disposition of the new criminal charges, and he did not post bail. *Id*. at 13, 15. The Board issued a detainer warrant against Parolee on the same day of his arrest. *Id*. at 9. On May 22, 2017, the Board issued a notice of charges and hearing based on the new criminal charges, and Parolee waived his rights to counsel and a detention hearing. *Id*. at 10-12. A Hearing Examiner recommended that Parolee remain detained pending disposition of his new criminal charges. *Id*. at 19-20. However, the new charges were later withdrawn on July 6, 2017, and the Board cancelled its detainer warrant that same day. *Id.* at 21, 29. Parolee was released from SCI-Graterford on July 9, 2017. *Id.* at 29, 112.

---

[2] It appears that Parolee also received a consecutive two-year probationary term. C.R. at 3.

On January 17, 2019, Parolee was arrested in Philadelphia for driving under the influence of alcohol or drugs (DUI). C.R. at 23-24, 32-35. Parolee posted bail on January 18, 2019. *Id.* at 114. The Board issued another detainer warrant against Parolee on March 5, 2019. *Id.* at 22. The Board issued a notice of charges and hearing on March 8, 2019, notifying Parolee of his upcoming hearing related to his new DUI charges, and charging him with technical parole violations based on one count of assaultive behavior and two counts of drug use. *Id.* at 23-25. On March 15, 2019, Parolee waived his right to a panel hearing, and counsel entered an appearance on his behalf. *Id.* at 38-39.

A preliminary/detention hearing was held on March 15, 2019, during which Parolee's counsel indicated that Parolee admitted to violating a condition of his parole, two counts for drug use, but denied engaging in any assaultive behavior in violation of his parole. C.R. at 40, 43. By decision recorded on April 16, 2019, the Board noted that a violation hearing would be scheduled. *Id.* at 47. In a separate decision recorded on May 14, 2019, the Board modified its April 16, 2019 decision by adding that Parolee be detained pending disposition of his new criminal charges. *Id.* at 47-48.

The Board issued another notice of charges and hearing on April 22, 2019, notifying Parolee of his upcoming violation hearing regarding the technical parole violation for assaultive behavior. C.R. at 49. Parolee again waived his right to a panel hearing, and counsel entered an appearance on his behalf. *Id.* at 50-52. A violation hearing was held on May 9, 2019, during which Parolee again denied engaging in any assaultive behavior. *Id.* at 59, 62. After a hearing on the technical parole violations on May 9, 2019, a Hearing Examiner recommended that Parolee be recommitted as a technical parole violator (TPV) to serve six months' backtime,

3

and a Board Member signed the report on May 14, 2019. *Id*. at 57-71. By decision recorded on May 15, 2019, the Board recommitted Parolee to an SCI to serve six months' backtime as a TPV based on his assaultive technical parole violation. *Id.* at 72-74. The Board's decision stated that Parolee would be automatically paroled without further action of the Board on September 5, 2019, pending resolution of his outstanding charges so long as he had no disciplinary infractions. *Id.* at 73. The Board's decision did not recalculate Parolee's parole violation maximum date, but indicated that it was subject to change if he was ultimately convicted of the pending criminal charges against him. *Id.* at 74.

On May 31, 2019, Parolee was found guilty of two counts of DUI in the Philadelphia County Municipal Court. C.R. at 114-15. Parolee was sentenced on July 16, 2019, to 30 days to 6 months in county prison on both counts, which merged for sentencing purposes, as well as additional conditions, and he received credit for time that he had already served. *Id.* at 83, 115. The court issued another order on July 16, 2019, directing that Parolee be released on parole from his DUI sentence. *Id.* at 99.

On August 5, 2019, the Board issued another notice of charges and hearing, noting Parolee's new convictions, and scheduled a revocation hearing. C.R. at 75. Parolee waived his rights to counsel and a revocation hearing, and admitted to his new convictions. *Id.* at 84. By decision recorded on September 3, 2019, the Board modified its prior action recorded on May 15, 2019, recommitting Parolee as a TPV, by deleting the reparole clause, and recommitted Parolee to an SCI as a CPV to serve 12 months of backtime, concurrently to his TPV backtime, when available pending parole from or completion of his Philadelphia County sentence. *Id*. at 93-

4

94. The Board recalculated Parolee's maximum sentence date as June 24, 2025, and indicated that date was subject to change. *Id.* at 93.

Parolee filed a *pro se* administrative remedies form, which the Board received on September 24, 2019, challenging the Board's September 3, 2019 decision. C.R. at 126-30. Specifically, Parolee alleged that the Board erred by rescinding credit for his time spent at liberty on parole in good standing and in its recalculation of his maximum sentence date, that the Board exceeded the presumptive ranges for his new convictions, and that the Board erred by denying him credit for time spent at liberty on parole because his convictions do not meet the criteria of Section 6138(a)(2.1) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(a)(2.1). He further asserted that the Board failed to articulate a contemporaneous reason in its September 3, 2019 decision denying him credit.

By decision recorded on November 7, 2019, the Board referred to its prior action recommitting Parolee as a CPV, indicating that in its discretion it did not award Parolee credit for the time that he spent at liberty on parole due to "unresolved drug and alcohol issues," and recalculated Parolee's maximum sentence date as May 8, 2025. *Id.* at 120-21.

Parolee filed another *pro se* administrative remedies form and additional correspondence, which the Board received on December 9, 2019, challenging both the Board's September 3, 2019 and November 7, 2019 decisions. C.R. at 131-34. Therein, he raised the same arguments as in his previous administrative remedies form. *Id.* at 131-32.

In a decision mailed on November 13, 2020, the Board responded to Parolee's requests for administrative relief and correspondence received on September 24, 2019, and December 9, 2019, and affirmed its September 3, 2019,

5

and November 7, 2019 decisions, but reversed the November 7, 2019 decision with respect to Parolee's maximum sentence date. C.R. at 139-41. In doing so, the Board first explained that the decision to grant or deny a CPV credit for time spent at liberty on parole is purely a matter of discretion and that, here, its reason, "unresolved drug and alcohol issues," was supported by the record and, thus, was legally sufficient. *Id*. at 139.

The Board next explained that the 12-month recommitment term was based on the presumptive ranges for the offenses of which Parolee was convicted, as outlined in Sections 75.1 and 75.2 of the Board's regulations, 37 Pa. Code §§75.1-75.2. C.R. at 139-40. The Board noted that Parolee was convicted of DUI – general impairment, and DUI – high rate of alcohol, each of which carries with it a presumptive range of three to six months under Section 75.2 of the Board's regulations, 37 Pa. Code §75.2. *Id.* at 139-40. Adding these terms together gave the Board a maximum aggregate range of 12 months; therefore, the 12-month recommitment term fell within the presumptive range permitted under its regulations and is not subject to challenge. *Id*. at 140.

Finally, the Board noted that its September 3, 2019 decision to recommit Parolee as a CPV authorized its later November 7, 2019 decision to deny credit and recalculate his maximum sentence date. C.R. at 140. It then outlined how it recalculated Parolee's maximum sentence date, noting that at the time that Parolee was paroled on July 13, 2015, he had a maximum sentence date of November 21, 2021, which left 2,323 days remaining on his original sentence. *Id.* Because the Board denied Parolee credit for the time he spent at liberty on parole based on his recommitment as a CPV, he owed the 2,323 days on his original sentence. *Id.* The Board determined that Parolee was entitled to 70 days of confinement credit from

April 30, 2017, to July 9, 2017, and subtracting those 70 days from the 2,323 days remaining on Parolee's original sentence resulted in 2,253 days remaining on his original sentence. *Id*. The Board then noted that Parolee was arrested for new criminal charges on January 17, 2019, and that he posted bail the same day. *Id*. On March 5, 2019, the Board lodged a detainer against him for technical parole violations, and, on May 15, 2019, the Board recommitted him as a TPV. *Id*. On July 16, 2019, Parolee was sentenced to a new term of incarceration to be served in county prison, with credit for time served, and he was paroled and returned to an SCI the same day. *Id*. The Board determined that, based on these facts, Parolee was entitled to presentence credit for 133 days, from March 5, 2019, to July 16, 2019, because he was detained solely on the Board's warrant during that period. *Id*. Subtracting 133 days from 2,253 days left Parolee with 2,120[3] days remaining on his original sentence, and adding 2,120 days to Parolee's July 16, 2019 availability date yielded a recalculated maximum sentence date of May 5, 2025. *Id*. The Board therefore affirmed its September 3, 2019 and November 7, 2019 decisions as to Parolee's challenge to the Board's reason for denying credit and the 12-month recommitment term, but reversed its November 7, 2019 decision to the extent it improperly recalculated Parolee's maximum sentence date. *Id.* at 141.

By separate decision mailed on November 18, 2020, the Board noted that "due to technician error," it was modifying Parolee's maximum sentence date to May 5, 2025, rather than May 8, 2025, to reflect credit for three additional days of confinement that occurred after Parolee was released from the Board's detainer

---

[3] The Board's decision says 1,120 days. C.R. at 140. However, subtracting 133 days from 2,253 days equals 2,120 days, not 1,120 days. Despite this error, the Board correctly recalculated the maximum date using 2,120 days.

between July 6, 2017, and July 9, 2017. C.R. at 134-38. Parolee timely petitioned this Court for review of the Board's November 13, 2020 decision.[4]

On appeal, Parolee argues that the Board erred in its credit allocation regarding his recalculated maximum sentence date and by denying him credit for time spent at liberty on parole. Petitioner's Brief at 4. In the argument section of his brief, however, Parolee argues only that the Board erred by revoking his street time credit that was previously granted to him in a prior parole that resulted in his recommitment as a TPV, citing *Penjuke*, 203 A.3d 401, in support. Petitioner's Brief at 10, 11-13. Parolee also cites *Young v. Pennsylvania Board of Probation and Parole*, 189 A.3d 16 (Pa. Cmwlth. 2018), *affirmed*, 225 A.3d 810 (Pa. 2020), as further support for his argument that his street time was improperly revoked. Petitioner's Brief at 12. Parolee specifically claims that he is entitled to 1,332 days of credit for the periods of July 13, 2015, to July 9, 2017 (728 days), and July 9, 2017, to March 5, 2019 (604 days). *Id.* at 14.

The Board responds that *Penjuke* does not apply because the criminal conduct that led to Parolee's recommitment as a CPV occurred during the same period of parole as the violation that led to his recommitment as a TPV. Respondent's Brief at 17. Instead, the Board submits that this case is similar to this Court's decision in *Kazickas v. Pennsylvania Board of Probation and Parole*, 226 A.3d 109 (Pa. Cmwlth.), *appeal denied*, 238 A.3d 1170 (Pa. 2020), wherein we held that *Penjuke* does not apply when the criminal conduct that led to a parolee's recommitment as a CPV occurred during the same period of parole as the violation

---

[4] This Court's review of the Board's decision is limited to determining whether the necessary findings of fact are supported by substantial evidence and whether there was an error of law or a constitutional violation. *Walker v. Pennsylvania Board of Probation and Parole*, 729 A.2d 634, 637 n.4 (Pa. Cmwlth. 1999).

that led to his recommitment as a TPV. Respondent's Brief at 18. The Board further argues that it properly recalculated Parolee's maximum sentence date, as it provided him with 133 days of backtime credit from March 5, 2019 (date of Board's warrant), to July 16, 2019 (date he was sentenced in Philadelphia). *Id.* at 15. The Board also credited Parolee with 70 days of confinement credit for the period he was detained from April 30, 2017, to July 9, 2017, for the charges that were ultimately dismissed. *Id.* Accordingly, the Board argues that it had the authority to deny Parolee credit for the remaining time he spent at liberty on parole, due to his recommitment as a CPV, and that this Court should therefore affirm the Board's November 13, 2020 decision.

We first consider Parolee's arguments that the Board erred in its credit allocation regarding his recalculated maximum sentence date and by denying him credit for time spent at liberty on parole. Parolee identifies these issues in his statement of questions involved section of his brief. Petitioner's Brief at 4. However, Parolee's summary of argument and argument sections of his brief pertain only to the issue of whether the Board erred by revoking the street time credit that was previously granted to him in a prior parole that resulted in his recommitment as a TPV. As a result, that is the only issue that has been preserved for appellate review. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); *Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1998), *cert. denied*, 526 U.S. 1070 (1999) (holding that the failure to develop issue in appellate brief results in waiver); *Browne v. Department of Transportation*, 843 A.2d 429, 435 (Pa. Cmwlth. 2004) ("At the appellate level, a party's failure to include analysis and relevant authority results in waiver.").

9

With respect to this issue, we reject Parolee's argument that the Board erred by revoking his street time. Specifically, we agree with the Board that *Penjuke* does not apply in this case. As the Board points out, unlike the petitioner in *Penjuke*, Parolee committed the criminal conduct that led to his recommitment as a CPV during the **same** parole period as the technical violations which led to him first being recommitted as a TPV. The facts of this case are more in line with those of *Kazickas*, in which we affirmed a Board decision that revoked the petitioner's street time credit, reasoning that "[b]ecause the criminal conduct that led to [the petitioner's] CPV recommitment occurred during the same parole period as the violation that led to his TPV recommitment, *Penjuke* does not control in this case." *Kazickas*, 226 A.3d at 116. Our decision in *Kazickas* controls here, and, thus, the Board did not violate the holding of *Penjuke* by revoking the credit that Parolee had previously received as a TPV for his time spent at liberty on parole in good standing. *See Hammett v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 13 C.D. 2019, filed May 8, 2020), *appeal denied*, 242 A.3d 633 (Pa. 2020).

Accordingly, we affirm the Board's order.[5]

_____
MICHAEL H. WOJCIK, Judge

---

[5] Based on the foregoing disposition of Parolee's petition for review, his December 9, 2021 Motion for the Extension of Time to Reply to Respondent's Brief is dismissed as moot.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Lawson,                         :
                                        :
                      Petitioner        :
                                        :
          v.                            : No. 1298 C.D. 2020
                                        :
Pennsylvania Parole Board,              :
                                        :
                      Respondent :

# **O R D E R**

AND NOW, this 30<u>th</u> day of <u>December</u>, 2021, the November 13, 2020 order of the Pennsylvania Parole Board is AFFIRMED. Petitioner's Motion for the Extension of Time to Reply to Respondent's Brief is DISMISSED as moot.

_____
MICHAEL H. WOJCIK, Judge