IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joan Manuel Mejia,                               :
                Petitioner              :
                              :    No. 590 C.D. 2022
      v.                                         :
                              :    Submitted: May 5, 2023
Pennsylvania Parole Board,                       :
                Respondent             :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*__OPINION NOT REPORTED__*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED: January 31, 2024


Joan Manuel Mejia (Petitioner) petitions for review of the May 18, 2022 order of the Pennsylvania Parole Board (Board), which affirmed its January 12, 2022 decision to recommit Petitioner as a convicted parole violator (CPV) to serve six months' backtime. Kent D. Watkins, Esquire (Counsel), Petitioner's court-appointed counsel, has filed an Application to Withdraw as Counsel (Application) along with a *Turner*[1] letter on the basis that the appeal lacks merit. Upon review, we affirm the Board's decision and grant Counsel's Application.

## I. Facts and Procedural History

On April 5, 2016, Petitioner[2] was sentenced to three years and six months to ten years' incarceration for drug manufacture/sale/delivery and six months to one

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

[2] Petitioner was released on parole on May 30, 2023. https://inmatelocator.cor.pa.gov/#/ParoleeSearchResults, last visited January 30, 2024.

year of incarceration for possession of paraphernalia. (Certified Record (C.R.) at 1.) Petitioner's respective minimum and maximum dates were January 16, 2018 and January 16, 2025. *Id.* at 2. On August 30, 2019, the Board authorized Petitioner's release on parole, and he was released on September 21, 2019. *Id.* at 6-10.

On December 6, 2019, the Board issued a warrant to commit and detain, following Petitioner's arrest on the same date in Lackawanna County on charges of use/possession of drug paraphernalia. *Id.* at 14, 16. On January 23, 2020, the Board recorded a decision to detain Petitioner pending disposition of the criminal charges. *Id.* at 15.

On November 10, 2021, Petitioner was sentenced to be incarcerated for not less than 1,801 days at the county correctional facility with credit for time served. *Id.* at 16. On November 17, 2021, the Board issued a notice of charges and hearing. *Id.* at 16-19. That same date, Petitioner signed a waiver of revocation hearing and counsel admission form, as well as a waiver of panel hearing. *Id.* On January 12, 2022, the Board recorded a decision recommitting Petitioner as a CPV to serve six months' backtime[3] and awarding him credit for the time spent at liberty on parole. *Id.* at 55-56. The awarded credit was calculated to be 76 days, the number of days between September 21, 2019, the date Petitioner was released on parole and December 6, 2019, the date Petitioner was arrested. *Id.* at 53.

On February 14, 2022, the Board received an administrative remedies form from Petitioner challenging the January 12, 2022 Board's order, asserting that the

---

[3] The Board recorded an original maximum date of January 16, 2015, and a parole/reparole/delinquency/Board warrant date of September 21, 2019. The Board awarded credit of 76 days, backtime owed of 1,868 days. The custody return day was November 10, 2021 and the new maximum date is December 22, 2026.

Board failed to give Petitioner credit for all time served under the Board's warrant or while incarcerated on a parole violation. *Id.* 60.

The Board issued a determination, dated May 18, 2022, stating in part as follows:

> The Board paroled [Petitioner] from a state correctional institution [(SCI)] on September 21, 2019[,] with a maximum date of January 16, 2025. This left [Petitioner] with 1944 days remaining on his original sentence the day he was released. [T]he Board applied credit for 76 days from September 21, 2019, the day he was released, to December 6, 2019, the day the Board's detainer was lodged. Subtracting 76 days from 1944 days left [Petitioner] with 1868 days remaining on his original sentence based on the recommitment.
>
> On December 6, 2019, . . . [Petitioner was arrested] for new criminal charges, and there is no indication that he posted bail. . .. On November 10, 2021, [Petitioner] was sentenced in Lackawanna County to time served. [B]ecause [Petitioner] did not post bail on the new criminal charges, he therefore is not entitled to any credit toward his original sentence following his arrest on December 6, 2019[,] as the Board did not hold him solely on its detainer from that date. *Gaito v. Pa. Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). Such credit cannot be applied to his original sentence, and thus, [Petitioner] still owed 1868 days on his original sentence based on the recommitment. Because [Petitioner] was sentenced to time served, he therefore became available to commence service of his original sentence on the sentencing date of November 10, 2021. Adding 1868 days to November 10, 2021[,] yields a recalculated maximum date of December 22, 2026. Accordingly, the Board decision recorded January 12, 2022 (mailed 1/21/2022) is AFFIRMED.

(C.R. at 63-64.)

On June 15, 2022, Petitioner's Counsel filed a petition for review with this Court. Thereafter, Counsel filed the Application and *Turner* letter based on his belief that Petitioner's appeal is without merit.

3

This matter is now before us for disposition.

## II. Issues

The issue on appeal[4] is whether the Board failed to give Petitioner credit for all time served exclusively on the Board's warrant or while incarcerated.[5]

## III. Discussion

### A. *Turner* Letter

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may withdraw if counsel: (1) notifies the petitioner of the request to withdraw; (2) furnishes the petitioner with a copy of a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), or a no-merit letter satisfying the requirements of *Turner*; and (3) advises the petitioner of his right to retain new counsel or submit a brief on his own behalf. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). Once appointed counsel has complied with the technical requirements for a withdrawal, we independently review the merits of the petitioner's claims. *Id.* at 70.

Upon review, Counsel's letter satisfies the technical requirements of *Turner*. The letter sets forth the procedural history of the case, reflecting his review of the record. Counsel states that he conducted a conscientious and thorough review of the record, applicable statutes, and case law. He sets forth the issue Petitioner raised in his administrative remedies form and petition for review. Counsel provides a

---

[4] Our scope of review is limited to a determination of whether the necessary findings are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights of the parolee were violated. *See* 2 Pa. C.S. § 704; *Young v. Pennsylvania Board of Probation and Parole*, 189 A.3d 16, 18 n.3 (Pa. Cmwlth. 2018).

[5] Petitioner did not file a brief or give a detailed explanation of the issue on appeal in the administrative relief form. Counsel's *Turner* letter asserts that Petitioner was under the impression that his pleas carried a maximum sentence of one year and that any time beyond one year would be credited to his original sentence. *See* Counsel's *Turner* Letter.

thorough analysis of why the case lacks merit and cites applicable regulations and case law in support. Based on his review, Counsel concludes that Petitioner's appeal to this Court is without merit, and he requests permission to withdraw.

Counsel provided Petitioner with a copy of the *Turner* letter and his request to withdraw. He also advised Petitioner of his right to retain new counsel or proceed *pro se*. As we are satisfied that Counsel has discharged his responsibility in complying with the technical requirements to withdraw from representation, we shall conduct an independent review to determine whether Petitioner's petition for review lacks merit.

**B. Independent Review of the Merits**

Next, we turn to Petitioner's request that this Court review the Board's May 18, 2022 decision to determine if he was denied credit towards his original sentence.

Here, the Board determined that at the time Petitioner was paroled from the SCI, he had 1,944 days remaining on his original sentence. *Id.* at 63. In its discretion, the Board awarded Petitioner 76 days' credit for his time spent at liberty on parole pursuant to Section 6138(a)(2.1) of the Prisons and Parole Code (Code),[6] 61 Pa. C.S. § 6138(a)(2.1). (C.R. at 63.) In other words, the Board applied 76 days' credit from September 21, 2019, the day Petitioner was released on parole, to December 6, 2019, the day he was arrested, and the Board's detainer was lodged. The Board cited *Gaito* and determined that although Petitioner was arrested on December 6, 2019, he did not post bail and, therefore, he was not entitled to any credit toward his original sentence following his arrest. (C.R. at 64.) The Board determined that Petitioner became available to serve his original sentence on November 10, 2021, his sentencing

---

[6] 61 Pa. C.S. §§ 101–3316.

date in Lackawanna County on his new charges. *Id.* The Board then added 1,868 days left on the original sentence to November 10, 2021, which then yielded Petitioner's new maximum date of December 22, 2026. *Id.* at 64.

Under *Gaito*, if a CPV satisfies bail requirements prior to sentencing and is incarcerated solely on the Board's detainer, this period of incarceration is credited to his original sentence. 412 A.2d at 571. However, when bail is not posted, the time incarcerated on both the new criminal charges and the Board's detainer must be applied to the new sentence. *Id.* After his arrest on December 6, 2019, Petitioner was incarcerated in Lackawanna County on both the Board's warrant and his new charges until he was sentenced on November 10, 2021. At no point during this confinement was Petitioner held exclusively on the Board's warrant. This means that days served from December 6, 2019 to November 10, 2021 must be credited towards his new sentence.

Thus, the Board properly determined that Petitioner became available to serve his original sentence on November 10, 2021, the date he was sentenced in Lackawanna County on his new charges. Considering the 76 days Petitioner was credited for time spent at liberty on parole, he had 1,868 days remaining on his original sentence. Adding 1,868 days to Petitioner's availability date yields a recalculated maximum date of December 22, 2026. Therefore, we conclude the Board's calculation is correct and Petitioner's appeal is without merit.

## IV. Conclusion

Upon review, we agree with Counsel that Petitioner's claim is without merit. Accordingly, we grant Counsel's Application and affirm the Board's decision.

_____
PATRICIA A. McCULLOUGH, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joan Manuel Mejia,          :
        Petitioner     :
                :  No. 590 C.D. 2022
        v.           :
                :
Pennsylvania Parole Board,  :
        Respondent   :

## ***ORDER***

AND NOW, this 31st day of January, 2024, the May 18, 2022 order of the Pennsylvania Parole Board is hereby AFFIRMED and the Application to Withdraw as Counsel filed by Attorney Kent D. Watkins is hereby GRANTED.

_____
PATRICIA A. McCULLOUGH, Judge