IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antione Dean,                                          :
                          Petitioner                   :
                                                       :    No.   729 C.D. 2022
                  v.                                   :
                                                       :    Submitted: March 17, 2023
Pennsylvania Parole Board,                             :
                          Respondent                   :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE STACY WALLACE, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED: March 5, 2024

Antione Dean (Petitioner) petitions for review of the determination by the Pennsylvania Parole Board (Board) mailed June 21, 2022, which dismissed as untimely Petitioner's objection to the revocation of his parole.  The Board also reversed its decision mailed on December 22, 2021, regarding the calculation of Petitioner's maximum date, correcting it from June 21, 2024, to June 23, 2024.[1]  Upon review, we affirm.

---

[1] We note that the appeal pending at *Dean v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 897 C.D. 2022, filed March 5,2024) is related to this appeal.  This appeal was taken from the Board's June 21, 2022 decision which rejected as untimely Petitioner's challenge to his December 22, 2021 revocation of his parole.  The appeal at No. 897 C.D. 2022 was taken from the Board's June 24, 2022 recalculation of Petitioner's maximum sentence, specifically, the Board's deduction of two days' credit.  In a rather confusing manner, Petitioner's counsel has filed the exact same brief in both appeals, and the argument sections do not include any discussion about the two days' credit, but rather the 147-day credit Petitioner spent in federal custody, after the Board's detainer was lifted.

## I. Facts and Procedural History

On September 30, 2013, Petitioner pled guilty to manufacture/sale/ delivery or possession with intent to distribute illegal drugs and was sentenced to two years and six months to five years' incarceration, with a controlling maximum date of June 25, 2018. (Certified Record (C.R.) at 1-3.) On October 6, 2015, Petitioner was released on parole from Quehanna Motivational Boot Camp. *Id.* at 4-5.

On November 25, 2016, Pittsburgh City Police filed new criminal charges against Petitioner for the offenses of robbery and simple assault. *Id.* at 28. On March 21, 2017, Petitioner pled guilty to disorderly conduct, all other charges were withdrawn, and he was sentenced to county jail confinement from March 24, 2017, to April 23, 2017. *Id.* at 29.

On June 20, 2018, Petitioner was arrested by the United States (U.S) Marshals and charged with conspiracy to possess with intent to distribute (PWID) 280 grams or more of cocaine base. *Id.* at 19. That same day, the Board issued its detainer against Petitioner for the new criminal charges. *Id.* at 29. On June 25, 2018, Petitioner reached his maximum sentence date, and the Board's detainer was lifted; Petitioner nevertheless remained in federal custody. *Id.*

On January 26, 2021, Petitioner pled guilty to conspiracy to PWID and was sentenced to 42 months' imprisonment to be served in federal confinement. *Id.* at 20, 32-33. On January 27, 2021, a warrant to commit and detain was issued by the Board. *Id.* at 15. On February 17, 2021, Petitioner signed a notice of charges and hearing, waived his rights to a revocation hearing and counsel, and admitted that he had been convicted of a new criminal charge. *Id.* at 18, 38. On April 5, 2021 (mailed 4/21/2021), the Board entered a decision recommitting Petitioner to a state correctional

2

institution (SCI) as a convicted parole violator (CPV) to serve 24 months' backtime when available, pending his return to an SCI. *Id.* at 60-61.

On November 5, 2021, Petitioner was released from federal confinement. *Id.* at 66. On December 22, 2021, the Board mailed a decision, referring to its action of April 5, 2021, recommitting Petitioner to an SCI as a CPV to serve 24 months' backtime with no credit given for time spent at liberty on parole because he had committed a new conviction that was the same or similar to the original offense. *Id.* at 69-70. The order reflected that Petitioner's custody for return date was November 5, 2021, Petitioner's recomputed maximum date was June 21, 2024, and he owed 959 days of backtime. *Id.* at 67-68. Petitioner was also awarded two days' backtime credit from June 20, 2018, to June 22, 2018. *Id.*

On January 26, 2022, the Board received Petitioner's administrative remedies form challenging the Board's decision mailed December 22, 2021. *Id.* at 78. Petitioner argued he did not get a revocation hearing and did not waive his rights to one. *Id.* He also contested the recalculation of his maximum date, stating that he was entitled to credit for the time he was in federal custody awaiting sentencing. *Id.* at 79. By correspondence received on January 31, 2022, Petitioner's Counsel (Counsel) entered his appearance.

The Board's decision mailed on June 21, 2022, dismissed as untimely Petitioner's objection to the Board's revocation of parole. *Id.* at 87-89. However, the Board reversed its decision mailed December 22, 2021, and recalculated the maximum date from June 21, 2024, to June 23, 2024, taking away the two-days' backtime credit from June 20, 2018, to June 22, 2018. *Id.* The Board explained:

> First the record reveals that by decision recorded April 5, 2021 (mailed 4/21/2021), the Board recommitted [Petitioner] as a [CPV] when available, pending his return to a[n SCI].

3

There is no indication that [Petitioner] filed any request for relief from that decision, and as such, to the extent [Petitioner] now challenges the Board's revocation of his parole [his challenge] is not timely. 37 Pa. Code § 73.1. [Petitioner] may not use the December 10, 2021 [(mailed December 22, 2021),] recalculation decision to revive lapsed appeal rights form the April 5, 2021 recommitment decision.

Next, on October 26, 2015, [Petitioner was] paroled from Quehanna Boot Camp from his original sentence. [Petitioner's] maximum date on his original sentence was June 25, 2018, which means he had 993 days left to serve the day he was released. The Board's decision to recommit [Petitioner] as a CPV authorized the recalculation of his maximum date to reflect that he received no credit for the time spent at liberty on parole. 61 Pa. C.S. § 6138(a)(2).[2] The Board denied [Petitioner] credit for the time spent at liberty on parole in this case, which means he owed 993 days on his original sentence based on the recommitment. [Petitioner] is entitled to confinement credit for 32 days from December 9,
2016[,] to January 10, 2017, a period that he was temporarily held solely on the Board's detainer. Applying such credit left [Petitioner] with 993 - 32 = 961 days to serve on his original sentence based on the recommitment.

The record indicates that on June 20, 2018, the Board lodged its detainer against [Petitioner] for new criminal charges. On June 20, 2018, an order of temporary detention was issued by a federal magistrate. On June 25, 2018, the Board's detainer was lifted after [Petitioner] reached his original maximum date. On January 26, 2021, [Petitioner] was convicted in federal court and he was sentenced to a new term of 42 months['] incarceration to be served in federal prison. On January 27, 2021, a Board detainer was lodged for revocation proceedings. On February 17, 2021, [Petitioner] waived his right to a revocation hearing and he acknowledged the veracity of the new federal conviction. The Board voted to revoke [Petitioner's] parole on February 23, 2021. On November 5, 2021, [Petitioner] completed his new federal sentence and he returned to [an SCI]. Based on the above

---

2 61 Pa.C.S. §§ 101-7301.

4

facts, [Petitioner] is not entitled to any pre-sentence credit from June 20, 2018[,] to June 25, 2018[,] as he was not held solely on the Board's detainer for that period. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). The record reflects that such credit has been applied toward his new federal sentence. The two days of credit that [Petitioner] currently received from the Board on his original sentence was in error and will be removed. This means that Petitioner owed 961 days on his original sentence based on the recommitment.

The Prisons and Parole Code [(Code)] provides that a CPV who was released from an SCI and receives a new sentence to be served in a federal institution must serve the original sentence first. 61 Pa. C.S. § 6138(a)(5.1). However, that provision is contingent on federal authorities releasing the offender to Pennsylvania custody. This means that [Petitioner] became available to commence service of his original sentence when he completed his federal sentence on November 5, 2021. Adding 961 days to November 5, 2021 yields **a recalculated maximum date of June 21, 2024**.[3] **A new decision reflecting the change to [Petitioner's] maximum date will be issued to you and your client under separate cover.** The forthcoming decision will be subject to review pursuant to the Board's regulation authorizing administrative relief.

*Id.* at 86-88 (emphasis added). On June 24, 2022, the Board, as promised, mailed a new decision to reflect a new parole violation maximum date of June 23, 2024. *Id.* at 76. Counsel appealed that decision by mailing an administrative remedies form to the Board on July 13, 2022, stating that the Board failed to give Petitioner credit for all time served exclusively pursuant to the Board's warrant. That same date, July 13, 2022, Counsel filed an appeal with this Court, challenging the Board's decision mailed June 21, 2022 (quoted in its entirety above). The appeal was docketed as No. 729 C.D. 2022.

---

[3] The Board had a typographical mistake in its order. Adding 961 days to November 5, 2021, yields a recalculated maximum date of June 23, 2024. The new decision reflecting the change, mailed June 24, 2022, had the correct maximum date on it. (C.R. at 76.)

5

While the appeal was pending with this Court, on July 26, 2022, the Board mailed its decision in response to Counsel's administrative remedies form mailed on July 13, 2022, affirming the challenged decision mailed June 24, 2022. Following that decision, on August 22, 2022, Counsel filed another appeal with this Court, this time challenging the Board's decision mailed on June 24, 2022. This appeal was docketed as No. 897 C.D. 2022.

## II. Issues

In this appeal[4] Petitioner presents three issues in his administrative remedies form: (1) whether the Board erred when it failed to award Petitioner credit for all time served exclusively on its warrant; (2) whether the Board's December 22, 2021 decision to recommit Petitioner was issued without an opportunity for a revocation hearing; and (3) whether the Board abused its discretion by failing to award Petitioner credit for all time served in good standing while at liberty on parole.

## III. Discussion

Petitioner argues that the Board failed to give him credit for all time served exclusively pursuant to the Board's warrant or while incarcerated. Specifically, Petitioner argues that while he was waiting to resolve his pending federal charges, he was held in an SCI, and the federal authorities reduced his federal bail to unsecured. Thus, Petitioner contends that all the time he was held until his federal sentencing should have been applied to his original sentence. He seeks credit of 147 days for the period of time from October 18, 2018, to March 14, 2019. Petitioner's brief states:

> Although the information is not in the certified record, it is assumed that the period between October 18, 2018[,] when

---

[4] Our standard of review is limited to a determination of whether the necessary findings are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights of the parolee were violated. *See* 2 Pa. C.S. § 704; *Young v. Pennsylvania Board of Probation and Parole*, 189 A.3d 16, 18 n.3 (Pa. Cmwlth. 2018).

6

> [] [P]etitioner was given unsecured bail by the federal authorities until he was returned to the federal authorities on March 14, 2019[,] that the period of 147 days was served in a[n SCI] pursuant to that warrant.

(Petitioner Br. at 12.) This specific issue regarding 147 days was never before the Board; rather the administrative remedies form received by the Board stated, "I should have received credit toward my original sentence from the date the detainer was lodged till [sic] my sentencing date." (C.R. at 79.)

The record indicates that the Board's detainer was lodged on June 20, 2018, following Petitioner's arrest by the U.S. Marshals. That same day, an order of temporary detention was issued by a federal magistrate. *Id.* at 87. On June 25, 2018, the detainer was lifted after Petitioner reached his original maximum date. On January 26, 2021, Petitioner was convicted in federal court and sentenced to incarceration in federal prison. Petitioner is not entitled to presentence credit because the Board's detainer was lifted on June 25, 2018, and he is also not entitled to five days' credit between June 20, 2018, and June 25, 2018, as he was not held solely on the Board's detainer for that period. *Gaito,* 412 A.2d 568 (Pa. 1980). We therefore find this issue to be without merit.

Although Petitioner raises two additional issues in his brief, Petitioner concedes that they are without merit. The Court agrees for the following reasons. Regarding the first issue, namely, whether the December 22, 2021 Board decision to recommit Petitioner was issued without an opportunity for a revocation hearing, Petitioner had 30 days to appeal the Board's decision recommitting him as a CPV. *See* 61 Pa. C.S. § 6113(d); 37 Pa. Code § 73.1(a)(1), (b)(1). Here, by action recorded April 5, 2021, the Board revoked Petitioner's parole and recommitted him as a CPV, when available, pending his return to an SCI. There is no indication in the record that Petitioner filed any request for relief from that decision. Therefore, his right to appeal

the revocation of his parole lapsed. In addition, contrary to his assertion that he was denied a revocation hearing, on February 17, 2021, Petitioner signed a notice of charges and hearing, waived his revocation hearing and his right to counsel, and admitted that he had been convicted of a new criminal charge. (C.R. at 16-18.) The issue is accordingly without merit.

Regarding the second issue, namely, whether the Board abused its discretion by failing to award Petitioner credit for all time served in good standing while at liberty on parole, Section 6138(a)(2.1) of the Code affords the Board the discretion to grant or deny a CPV credit for time spent at liberty on parole when recommitted on the basis of a non-violent offense. The Board must, contemporaneously with ordering recommitment, explain the rationale behind its decision granting or denying such credit. *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 473 (Pa. 2016). However, the Board's explanation does not need to be extensive, and "a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12. Here, the Board's decision mailed December 22, 2021, recommitted Petitioner to an SCI as a CPV to serve 24 months' backtime, and in its discretion, the Board did not award credit for the time spent at liberty on parole for the following reason: "[t]he offender committed a new conviction that is the same or similar to the original offense, thereby warranting denial of credit of time at liberty on parole." (C.R. at 69.) The Board did not abuse its discretion denying Petitioner credit because it explained the rationale behind its decision contemporaneously with ordering recommitment. The issue is therefore without merit.

## IV. Conclusion

Based on the foregoing discussion, we agree with the Board and conclude all the issues are without merit.  Accordingly, we affirm the order of the Board.

_____
PATRICIA A. McCULLOUGH, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antione Dean,
        Petitioner

        v.

Pennsylvania Parole Board,
        Respondent

:      No. 729 C.D. 2022

## *<u>ORDER</u>*

AND NOW, this 5th day of March, 2024, the Order of the Pennsylvania Parole Board mailed June 21, 2022, is AFFIRMED.

 

_____
PATRICIA A. McCULLOUGH, Judge