IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Corey Eden,                 :

                          :

          Petitioner    :

                          :

      v.               :  No. 1440 C.D. 2024

                          :  Submitted: February 4, 2026

Pennsylvania Parole Board,    :

                          :

         Respondent :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE LORI DUMAS, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                     FILED: February 18, 2026

Corey Eden (Inmate) petitions for review from an order of the Pennsylvania Parole Board (Board) that denied his request for administrative review challenging the calculation of his parole violation maximum date. Also before us is a petition to withdraw as counsel filed by Inmate's court-appointed attorney, David Crowley, Esquire (Attorney Crowley), on the grounds that Inmate's appeal is without merit. For the reasons that follow, we grant Attorney Crowley's petition to withdraw as counsel, and we affirm the Board's order.

**Background**

Inmate was paroled on July 19, 2018, with a parole violation maximum date of July 13, 2021. Certified Record (C.R.) at 8, 9. As part of his conditions for release, Inmate was informed that

> [i]f you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

*Id.* at 10. Inmate was detained on a Board warrant on July 10, 2019, but the warrant was removed on August 2, 2019. *Id.* at 13, 14.

On February 2, 2021, Inmate was arrested by the Pennsylvania State Police for new criminal offenses and was detained on a Board warrant. C.R. at 15, 16. On October 26, 2021, the Board recommitted Inmate as a Convicted Parole Violator (CPV) to serve 12 months and extended his parole violation maximum date to May 10, 2024. *Id.* at 18. Inmate was reparoled on June 8, 2022. *Id.* at 25. He was detained on a Board warrant on March 19, 2024, following an arrest on that date on new criminal charges *Id.* at 31, 33. He was detained on these new criminal charges and did not post bail. *Id* at 67. Inmate was convicted of the third degree misdemeanor offense of loitering and prowling on April 1, 2024, and was sentenced to time served. *Id.* at 33.

On April 2, 2024, Inmate acknowledged his right to have a revocation hearing. C.R. at 34. That same date, Inmate waived the right to counsel, admitted the violation, and waived the right to a hearing. *Id.* at 35-36.

The hearing examiner accepted several documents as evidence supporting the Board's recommitment of Inmate including an affidavit and criminal complaint supporting the new charges, as well as supervision history reports. C.R. at 59, 63. The affidavit provided that Inmate fled from a traffic stop, attempted to hide a baggie of cocaine, and was found to be in possession of marijuana. *Id.* at 55. Inmate's supervision history described a similar incident in 2019 where he fled a traffic stop and marijuana and drug paraphernalia were found in the car. *Id.* at 40.

2

Inmate was convicted of possession of marijuana as a result of that incident. *Id.* at 41.

The hearing examiner recommended that Inmate not be awarded parole liberty credit because he had unresolved drug and alcohol issues. C.R. at 61. By decision mailed May 9, 2024, the Board informed Inmate of its decision recommitting him to a period of six months backtime and extending his parole violation maximum date to February 19, 2026. *Id.* at 72. The decision further informed Inmate of the Board's reason for denying him parole liberty credit. *Id.* at 73.

Inmate filed a timely *pro se* administrative appeal challenging the hearing examiner's decision as violative of this Court's decision in *Young v. Pennsylvania Board of Probation and Parole*, 189 A.3d 16 (Pa. Cmwlth. 2018), *aff'd*, 225 A.3d 810 (Pa. 2020), and asserting that the reasons for not awarding him parole liberty credit were not substantiated. C.R. at 76. Inmate then filed a counseled administrative appeal, challenging the sufficiency of the evidence supporting the Board's reason for declining to award him parole liberty credit. *Id.* at 78. The Board denied the administrative appeals on October 16, 2024. *Id.* at 79.

Inmate filed a timely petition for review with this Court asserting that "the Board erred in recalculating his parole violation maximum date by not awarding parole liberty credit." Petition for Review, ¶6. Attorney Crowley later filed a petition to withdraw as counsel along with a no-merit letter based on his belief that Inmate's appeal is without merit. This matter is now before us for disposition.

**Petition to Withdraw**

Counsel seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the

nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.[1]  *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009) (*en banc*); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009).  The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'"  *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, court-appointed counsel who seeks to withdraw representation must:  (1) notify the petitioner of the request to withdraw; (2) furnish the petitioner with a copy of a brief or no-merit letter; and (3) advise the petitioner of his right to retain new counsel or raise any new points that he might deem worthy of consideration.  *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22.  If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case.  *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25.  If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw, and the petitioner will be denied relief.  *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

---

[1] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit a brief in accord with *Anders v. California*, 386 U.S. 738 (1967), referred to as an *Anders* brief, that:  (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous.  *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (*en banc*).  Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief.  *Hughes*, 977 A.2d at 25-26.

Upon review, Attorney Crowley's no-merit letter satisfies the technical requirements of *Turner*. Attorney Crowley states he concluded that the issues raised in Inmate's administrative appeal and petition for review lack merit based on his review of the certified record, notes of meetings with Inmate and written correspondence. He sets forth the issue Inmate raised in his petition for review that the Board miscalculated Inmate's maximum sentence date by not crediting Inmate for the time spent at liberty on parole. Attorney Crowley also sets forth the subsidiary issues Inmate raised during their meetings and through correspondence. Attorney Crowley provides a thorough analysis as to why these issues lack merit, and he cites applicable case law and the certified record in support.

Attorney Crowley explains that the Board properly calculated Inmate's maximum date and that he is not entitled to time spent at liberty on parole. In this regard, Inmate's reliance on *Young* is misplaced. Contrary to Inmate's assertions, *Young* does not support the conclusion that the forfeiture of Inmate's parole liberty credit was arbitrary because he had no violations of parole other than the current arrest. Attorney Crowley explains that *Young* dealt only with the Board's power to expunge credit awarded in a prior recommitment.[2] Here, Inmate was not awarded parole liberty credit in his 2021 CPV recommitment and did not challenge its forfeiture; thus, *Young* is not applicable to this case.

Next, Attorney Crowley notes that the Parole Code[3] allows the award of parole liberty credit to non-violent CPVs. Citing our Supreme Court's decision in *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017),

---

[2] The *Young* court reasoned that "[o]nce the [Board] grants sentence credit for street time, it is gone" and the awarded parole liberty credit could not be forfeited in a second recommitment without statutory authorization. *Id.*, 189 A.3d at 21.

[3] 61 Pa. C.S. §§ 101-7301.

5

Attorney Crowley emphasizes that parolees are entitled to a brief explanation of the Board's reasons for denying parole liberty credit made contemporaneously with the decision to recommit. Here, the affidavit of probable cause referenced by the hearing examiner provided sufficient documentation of Inmate's unresolved drug issues warranting the denial of parole liberty credit. Furthermore, to the extent that Inmate could have challenged such information at a revocation hearing, Inmate waived any opportunity to do so when he waived his right to a revocation hearing.

As to issues subsequently raised by Inmate, Attorney Crowley explains why those issues are without merit. First, insofar as Inmate may argue that the Board could not revoke his street time based on citations that are not the subject of incarceration, Inmate's admission to the new conviction for the third degree misdemeanor offense of loitering and prowling permitted the Board to recommit him as a CPV and forfeit street time. *See* Section 6138(a)(2.2) of the Parole Code, 61 Pa. C.S. §6138(a)(2.2) (providing that a parolee who is convicted of committing a crime while on parole may be recommitted to serve the unserved balance of his original maximum sentence and may be denied credit for time at liberty on parole). Attorney Crowley emphasized that whether Inmate could be awarded street time is a separate inquiry that does not have to be related to the new conviction. Inmate's unresolved drug issue was sufficient reason to deny the award of parole liberty credit. "There is no support for the legal argument that a parolee has to be convicted and incarcerated for drug use to have an unresolved issue with it." No Merit Letter at 6.

Second, Attorney Crowley noted that double jeopardy does not bar Inmate's recommitment. He explained that double jeopardy does not apply to parole revocations because the revocation is not a second prosecution or a second

6

punishment. *See Gundy v. Pennsylvania Board of Probation and Parole*, 478 A.2d 139, 141 (Pa. Cmwlth. 1984) (a parole violator is not separately punished because her merely is returned to complete his original sentence).

Third, Attorney Crowley explained that the extension of Inmate's parole violation maximum date was not an infringement on the sentencing court's powers. A sentencing court imposing a sentence of total incarceration to be served in a state correctional facility does not impose a maximum sentence date. Unless the sentence is for a summary offense or a sentence to life imprisonment, the sentencing court is required to impose an indeterminate sentence with a minimum term (which controls parole availability) and a maximum term in years, months, or days (or a combination of these). 42 Pa. C.S. §9756. It is the Department of Corrections that is responsible for calculating the minimum and maximum date on a sentence to state incarceration. *Gillespie v. Department of Corrections*, 527 A.2d 1061 (Pa. Cmwlth. 1987). In *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843 (Pa. 1979), the Supreme Court specifically addressed the argument that the denial of credit for time spent at liberty on parole represented an increase in the judicially mandated sentence. The Court found that there was no unconstitutional usurpation of judicial power in extending the CPV's maximum date by the time spent at liberty on parole because that time was outside of prison and could not be credited or considered part of the judicially imposed sentence of imprisonment.[4]

---

[4] To the extent Inmate further relied on *Anderson v. Corall*, 263 U.S. 193 (1923); *Commonwealth ex. rel. v. McKenty*, 52 Pa. Super. 332 (1912); *Commonwealth ex rel. Johnson v. Halloway*, 42 Pa. 446 (1862); and *People v. Cummings*, 88 Mich. 249, 50 N.W. 310 (1891), to support this argument, Attorney Crowley provided a detailed explanation of why they did not support Inmate's position.

Based on his review, Attorney Crowley concludes that Inmate's appeal to this Court is without merit, and he requests permission to withdraw. Attorney Crowley provided Inmate with a copy of the no-merit letter and his request to withdraw. He advised Inmate of his right to retain new counsel or proceed by representing himself. As we are satisfied that Attorney Crowley has discharged his responsibility in complying with the technical requirements to withdraw from representation, we shall conduct an independent review to determine whether Inmate's petition for review lacks merit.[5]

**Independent Review**

As was noted earlier, Inmate raises a single issue on appeal: whether the Board erred in recalculating his parole violation maximum date by not awarding parole liberty credit. Inmate argues that the Board's stated reason for denying him parole liberty credit—unresolved drug issues—is unsupported and insufficient because he was not convicted of a drug-related offense.

Section 6138(a)(2) of the Parole Code authorizes the Board to recommit a CPV to serve all or part of the unexpired term of his original sentence had he not been paroled. 61 Pa. C.S. §6138(a)(2). Subsection (2.1) grants the Board discretion to award credit to a CPV for time spent at liberty on parole except where:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence or a crime listed under 42 Pa.C.S. Ch. 97 Subch. H (relating to

---

[5] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013), *appeal denied*, 87 A.3d 322 (Pa. 2014).

registration of sexual offenders) or I (relating to continued registration of sexual offenders).

(ii) The offender was recommitted under section 6143 (relating to early parole of offenders subject to Federal removal order).

61 Pa. C.S. §6138(a)(2.1)(i) and (ii) (footnotes omitted). In the exercise of this discretion, the Board must conduct an "individual assessment of the facts and circumstances surrounding [a parolee's] parole revocation." *Pittman*, 159 A.3d at 474. Further, the Board must "articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Id.* This allows the appellate court reviewing the matter to have a method to assess the Board's exercise of discretion. *Marshall v. Pennsylvania Board of Probation and Parole*, 200 A.3d 643, 651 (Pa. Cmwlth. 2018).

Here, there are several documents in the certified record that support the Board's decision to deny Inmate time served at liberty on parole based on unresolved drug issues. For example, the arresting officer's affidavit of probable cause indicates that during the course of his investigation, "[Inmate] did flee from [him] on foot, attempting to conceal a baggy of cocaine. [Inmate] was also found in possession of marijuana." C.R. at 55. Furthermore, the "Police Criminal Complaint" states that Inmate "did place a clear plastic baggy of cocaine in a bush in an attempt to conceal it . . . during a lawful traffic stop[,]" and ran from the arresting officer, "evading arrest for cocaine and marijuana possession." *Id.* 50. Finally, Inmate's supervision history describes a similar incident where Inmate fled from a traffic stop in 2019 where marijuana and paraphernalia were found in the car. *Id.* at 40. Inmate was convicted of possession of marijuana as a result of that incident. *Id.* at 41. Because the Board's stated reason for denying time at liberty on parole "is documented in the record" and afforded Inmate "notice of the specific acts

9

being referenced[,]" *Plummer v. Pennsylvania Board of Probation and Parole*, 216 A.3d 1207, 1212 (Pa. Cmwlth. 2019), we cannot conclude that the Board erred in its ruling.[6]

Accordingly, the order of the Board is affirmed.

_____
MICHAEL H. WOJCIK, Judge

---

[6] In reaching this decision, we also reject the claim that Inmate must be convicted of a drug-related offense in order to lose credit for time spent at liberty on parole due to unresolved drug issues. As Attorney Crowley aptly observed, there is no support for the legal argument that a parolee must be convicted and incarcerated for drug use to have an unresolved issue with it.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Corey Eden,                          :
                                     :
                    Petitioner       :
                                     :
          v.                         : No. 1440 C.D. 2024
                                     :
Pennsylvania Parole Board,           :
                                     :
                    Respondent :

# **O R D E R**

AND NOW, this 18th  day of February, 2026, the order of the Pennsylvania Parole Board dated October 16, 2024, is AFFIRMED, and the petition to withdraw as counsel filed by David Crowley, Esquire, is GRANTED.

The Prothonotary is directed to send a copy of this opinion and order to Petitioner Corey Eden.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Corey Eden, :
          Petitioner :
  :
      v. : No. 1440 C.D. 2024
  : Submitted: February 4, 2026
Pennsylvania Parole Board, :
          Respondent :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge


## _OPINION NOT REPORTED_

## CONCURRING OPINION BY
## JUDGE DUMAS                            FILED:  February 18, 2026


      Respectfully, I concur. I agree with the majority's well-reasoned analysis regarding the merits of Inmate's case and the substantive requirements of a proper *Turner* letter[1] filed by David Crowley, Esquire (Counsel).

---

[1] Initially, appointed counsel was required to file an *Anders* brief, which included a neutral presentation of the legal issues. *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981), *abrogated on other grounds*, *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). Later, the United States Supreme Court reasoned that the substantive *Anders* requirements did not apply where there was no constitutional right to counsel, *see Pennsylvania v. Finley*, 481 U.S. 551 (1987), and the Pennsylvania Supreme Court adopted a less stringent standard in which appointed counsel was required to provide a "no-merit" letter, "which details the nature and extent of the attorney's review and lists each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless." *Zerby v. Shanon*, 964 A.2d 956, 959 (Pa. Cmwlth. 2009) (discussing *Commonwealth v. Turner*, 544 A.2d 928 (Pa. 1988)) (cleaned up).

However, I would find that Counsel has failed to satisfy the technical requirements for withdrawal and deny Counsel's Application to Withdraw (Application). As outlined in my dissenting opinion in *Walker v. Pennsylvania Parole Board* (Pa. Cmwlth. No. 492 C.D. 2023, filed Jan. 7, 2026),[2] *before* any request to withdraw may be considered, appointed counsel must: (1) notify the client of his request to withdraw, (2) furnish the client with a copy of his no-merit letter, *and* (3) provide the client with a statement advising the client of his right to retain new counsel or raise any points he may deem worthy of consideration in a *pro se* brief. *See, e.g.*, *White v. Pa. Bd. of Prob. & Parole*, 276 A.3d 1247, 1254 (Pa. Cmwlth. 2022); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009); *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758 (Pa. Cmwlth. 1985).

In this case, Counsel has averred that he notified Inmate of his request to withdraw and advised him of his right to retain counsel or raise any points that he may deem worthy of consideration. *See* Appl. to Withdraw as Counsel, 1/7/25. In my view, this is insufficient. Absent from this averment is any detail describing Counsel's notification or advice. Thus, the Court is left to guess: (1) when Counsel notified Inmate that his claims were meritless and that Counsel would seek leave to withdraw; (2) the manner of Counsel's notification; and (3) the substance of Counsel's advice. Further, it has long been accepted that appointed counsel must promptly inform a client. *See, e.g., Craig*, 502 A.2d at 760 ("[T]he prisoner must be given a reasonable opportunity to respond to that motion by securing substitute counsel or filing a *pro se* brief."). Here, however, the Court is left with the rather unsettling possibility that Inmate did not learn of Counsel's intentions until Counsel

---

[2] *See Walker v. Pa. Parole Bd.* (Pa. Cmwlth. No. 492 C.D. 2023, filed Jan. 7, 2026) (Dumas, J., dissenting) for a broad discussion of the technical requirements and the governing legal framework.

LAD - 2

had served the application and no-merit letter on Inmate. Most importantly, Counsel has not attached a copy of his statement to Inmate, and Counsel's bald averment lacks any objective evidence to support it.

For these reasons, I would deny without prejudice Counsel's application to withdraw and direct Counsel either to file an advocate's brief or to refile a no-merit letter with a renewed application to withdraw supported by attaching his statement to Inmate.[3] *See Commonwealth v. Muzzy*, 141 A.3d 509, 511-12 (Pa. Super. 2016) (denying Post Conviction Relief Act[4] counsel's petition to withdraw because counsel's statement to appellant was deficient); *Commonwealth v. Millisock*, 873 A.2d 748, 751-52 (Pa. Super. 2005) (citing the procedural requirements adopted by *Anders* and *McClendon*, disapproving counsel's failure to attach to his petition a copy of his letter to client, and "opin[ing] that the prudent course is to require counsel henceforth to attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights");[5] *Commonwealth v. Koubidina*, 328 A.3d 520 (Pa. Super. 2024), 2024 WL 4275122, at *2 (disapproving PCRA counsel's incorporation of a statement of rights in counsel's no-merit letter and explicitly denying counsel's application to withdraw because counsel had failed to attach to her petition a copy of the letter purportedly sent to client outlining his rights);[6] *see also, e.g., Commonwealth v. Frazier*, 330 A.3d 822, 824-25 (Pa. Super. 2024) (noting that the court would normally deny a petition to withdraw filed by counsel when counsel has not attached to her application a

---

[3] To be clear, I do not question Counsel's sincerity; Counsel's averments speak for themselves.

[4] 42 Pa.C.S. §§ 9541-9546.

[5] Although decisions of the Superior Court are not binding on this Court, they may provide persuasive authority where they address analogous issues. *See Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018); 210 Pa. Code § 65.37; Pa.R.A.P. 126(b).

[6] We can cite as persuasive unpublished decisions of the Superior Court filed after May 1, 2019. *See* Pa.R.A.P. 126(b); 210 Pa. Code § 69.414(a).

letter/statement to client advising client of his rights but instead granting the petition and remanding to the lower court for the appointment of new counsel in the interests of judicial economy).

Nevertheless, I recognize that this Court has often accepted such averments from counsel. *See, e.g.*, *Moy v. Pa. Parole Bd.* (Pa. Cmwlth. No. 259 C.D. 2023, filed Sept. 18, 2024) (accepting counsel's bald averment that he had informed the petitioner of his rights); *Mills v. Pa. Parole Bd.* (Pa. Cmwlth. No. 255 C.D. 2023, filed April 10, 2024) (accepting counsel's averment detailing when and how counsel advised petitioner of his rights).[7] Absent formally adopted guidance and notice that this Court will consistently evaluate the technical requirements imposed on appointed counsel before we will consider an application to withdraw, I acknowledge that the majority's disposition is consistent with this Court's current practice.

For these reasons, I concur.

---

**LORI A. DUMAS, Judge**

---

[7] We can cite as persuasive unpublished decisions of this Court filed after January 15, 2008. *See* Pa.R.A.P. 126(b); 210 Pa. Code § 69.414(a).

LAD - 4